## T. S. DIFFEY, JR., v. STATE.

No. A-1689. Opinion Filed October 25, 1913.

(135 Pac. 942.)

1. **RAPE—Sufficiency of Evidence.** In a prosecution for statutory rape, the evidence is held sufficient to support the verdict and judgment, and that no reversible error was committed on the trial.

2. **APPEAL—Verdict.** It is the province of the jury to determine questions of fact and decide between conflicting inferences, and the duty of this court to interfere arises only when it can see that the verdict is clearly against the weight of evidence or appears to have been influenced by passion or prejudice.

3. **NEW TRIAL—Grounds—Discretion.** A motion for new trial, after judgment, on the ground of newly discovered evidence, is addressed to the sound judicial discretion of the trial court. Testimony offered for the purpose of contradicting the testimony of the complaining witness is cumulative and therefore not sufficient ground for granting a new trial.

4. **RAPE—Evidence—Hearsay—Age of Prosecutrix.** In a prosecution for statutory rape, testimony of the person who took the school census that an entry of prosecutrix's age as being eighteen was made according to a statement given him by her sister, not coming within any rule admitting hearsay testimony as to age, was incompetent.

5. **SAME — Previous Chaste Character — Burden of Proof.** In a prosecution for statutory rape committed on a seventeen year old girl, the female is presumably of previous chaste character, and the burden is on the state to prove same only after defendant has introduced evidence to show the contrary.

*Appeal from District Court, Tillman County;*
*Frank Mathews, Judge.*

T. S. Diffey, Jr., was convicted of rape, and appeals. Affirmed.

*H. P. McGuire* and *Stuart, Cruce & Gilbert,* for plaintiff in error.

*Chas. West,* Atty. Gen., and *Smith C. Matson* and *Jos. L. Hull,* Asst. Attys. Gen. '(*B. M. Parmenter,* of counsel), for the State.

DOYLE, J. The plaintiff in error was convicted upon an information duly filed by the county attorney in the district court of Tillman county on the 5th day April, 1911, charging the crime of rape upon the person of Floy Marsh, a female over the age of 16 years and under the age of 18, to wit, the age of 17 years, and of previous chaste and virtuous character, and not then and there the wife of the defendant, alleged to have been committed on the ———— day of September, 1910. On the 17th day of October, the jury returned their verdict finding the defendant guilty as charged and assessed his punishment at imprisonment for a term of five years. On the 20th day of October, 1911, the court sentenced the defendant in accordance with the verdict of the jury to be confined in the state reformatory at Granite for a term of five years. On the 27th day of December, the defendant filed a supplemental motion for a new trial on the grounds of newly discovered evidence. The motion was overruled. To reverse the judgment defendant appealed by filing in this court April 10, 1912, a petition in error with case-made.

The first assignment of error goes to the merits of the case. It is claimed by defendant's counsel in an elaborate argument that the evidence was insufficient to justify the verdict; and that certain evidence discovered after the judgment, and shown in support of the supplemental motion for a new trial, so affects the proof relied upon by the prosecution as to make it probable that upon another trial a different verdict would be returned.

The facts of this case, as we gather from the evidence, are as follows: Floy Marsh lived at Frederick; went to school with defendant and knew him for about four years; began going with

him in September, 1910, when she was working in the telephone office; her working hours were from 12 to 1 and from 6 to 9 p. m. The defendant would come to the telephone exchange and would walk home with her. About two weeks after he began going with her the first act of intercourse occurred. He went with her about three months and continued to have intercourse with her. About Christmas time she discovered that she was pregnant and she left Frederick and came to Oklahoma City and stayed for two weeks, and then went to Purcell and worked in the Harvey eating house, and went from there to Dodge City, and from there returned to Frederick, and on May 6, 1911, gave birth to twins, two boys, one weighing 2½ pounds and the other 3 pounds; that one died when three days old; that the defendant was the father of her children; that she was unmarried and never had sexual intercourse with any person other than defendant; that after the children were born, and after defendant's arrest, a deputy sheriff brought him to the home of the complaining witness, and defendant acknowledged to her and her mother that he had brought disgrace upon them and said he would go and see his father and then get a license and return and marry her. He returned that afternoon and said he had changed his mind; that his father had advised him to plead not guilty.

On behalf of the defendant four doctors testified as medical experts. The subject-matter of their testimony related to normal and premature births and to the indications showing whether a birth was premature or normal. However, it was admitted that the children were prematurely born.

Ed. Walker testified that he had kept company with Floy Marsh and that one night between the 1st and 10th of September, 1910, he took her buggy riding and had intercourse with her; that he and the defendant were "chums."

J. L. Davis testified for the defendant that he was president of the school board of Frederick and took the census in 1910 and 1911, and an entry made in March, 1910, shows Floy Marsh, age 18, a girl; that the entry was made according to the statement as to her age given by her sister.

T. S. Diffey, Sr., testified that he was summoned to Mrs. Marsh's home a day after he learned of the charge having been made against his son, the defendant. He went over with his son. Mrs. Marsh charged his son with being the cause of Floy's pregnancy, and he said if that was the fact he would make his son marry her, but the defendant insisted that he was not.

T. S. Diffey, Jr., defendant, as a witness in his own behalf, testified: That he was 18 years old. Had known Floy Marsh since October, 1910. He had been talking to her over the phone before that and had spoken to her on the street about a week before then. He went with her five or six times in October but never went out of the town with her.. Denied that he ever had intercourse with her. Never heard of her delicate condition until the night before the charge was made.

In rebuttal Mrs. Morrow, who lived next door to the Marsh family, testified that defendant had frequently, during July and August, 1910, called for Floy Marsh over her phone as the Marsh family did not have a phone.

The manager of the telephone company testified that he advised her to stop talking so much to the defendant over the phone and for this reason she was discharged.

Mrs. McGinn testified that from her experience as a nurse and her examination of the children they were prematurely born. The finger nails were just two-thirds "grown out"; the babies were small, each weighing about two pounds, with no hair; and they would not cry, but would just whine.

Mrs. Cline testified that she was present at the birth of the twins; that they did not seem to have any eyelashes, and they did not cry; they just whined; and their circulation was poor.

The complaining witness, recalled, testified that she never had sexual intercourse with Ed. Walker.

The supplemental motion for a new trial contains the affidavits of five persons as to what the school census' records show the age of the complaining witness to be, and statements claimed to have been made by the complaining witness as to her age, contradicting her evidence in that respect.

The defenses interposed by the defendant were: That he did not have intercourse with the prosecutrix; that the prosecutrix was over the age of 18 years at the time she claimed he had intercourse with her; and that in any event she was not of previous chaste and virtuous character.

Upon a careful consideration of the evidence in the case, there can be no doubt but that the verdict of the jury is amply supported, if they believed the evidence given on the part of the state. We find no sufficient reason for believing that the testimony given by the complaining witness, so far as material facts are concerned, is not worthy of belief. It is corroborated in detail by impartial witnesses. The defendant's denial of having sexual intercourse with her is without any corroboration whatever.

The only competent testimony adduced shows that she would not be 18 years of age until the following March. The evidence of the president of the school board was mere hearsay and does not come within any rule admitting hearsay testimony as to age.

Finally, it is contended that prosecutrix was not shown to have been of previous chaste and virtuous character. The law presumes that the female is chaste and virtuous, and this presumption authorizes the jury to assume at the outset that the prosecutrix was chaste and virtuous. If any evidence is introduced tending to show a want of previous chaste and virtuous character, then the state is required to establish the previous chaste and virtuous character of the prosecutrix beyond a reasonable doubt.

The defendant's witness Walker testified that he had sexual intercourse with the prosecutrix before the defendant commenced keeping company with her. She denied this statement and the jury, very properly we think, believed her, and that of course fixes the fact so far as this court is concerned.

The supplemental motion for a new trial was addressed to the sound judicial discretion of the trial court and was, we think, properly overruled, as newly discovered evidence merely tending to impeach the complaining witness by showing prior contradictory statements is no sufficient ground for granting a new trial.

An objection is urged to one of the instructions given. No authority is cited in support of this objection, and from our examination of the charge of the court our conclusion is that it was more favorable to the defendant than the law warrants, and no objection was made or exception taken thereto.

It is apparent that justice has been done, and the conviction ought not be reversed except for some plain error in the proceeding which was or might be prejudicial to the defendant. We find no such error in the record. The judgment is therefore affirmed.

ARMSTRONG, P. J., concurs. FURMAN, J., absent and not participating.