# A. B. C. DAVIS v. STATE.

No. A-3485.   Opinion Filed Aug. 28, 1920.

(191 Pac. 1044.)

(Syllabus.)

1.   **RAPE—Elements of "Rape in the First Degree."** Rape in the first degree may be committed upon a female of any age, when accomplished by force and violence overcoming her resistance, or by means of threats of immediate and great bodily harm, accompanied by apparent power of execution.

2.   **SAME—Insufficiency of Information.** An information for rape alleged that the defendant did make an assault upon and ravish and have sexual intercourse with a certain female under the age of 18 years, of previous chaste character, and not the wife of the defendant, and against the will and without the consent of said female. Held, that the information is insufficient to charge rape in the first degree as defined by the fourth subdivision of section 2414, Rev. Laws 1910.

3.   **RAPE—Elements of "Rape in the Second Degree."** Carnal knowledge of a female over the age of 16 years and under the age of 18, of previous chaste and virtuous character, other than the wife of defendant, whether accomplished with or without the consent of such female, is rape in the second degree.

4.   **SAME—Sufficiency of Information.** An information alleging that the defendant did make an assault upon, and ravish and have sexual intercourse with, a certain female under the age of 18 years, of previous chaste character, and not the wife of defendant, without the consent and against the will of said female, was not fatally defective for failure to allege that the female was "over the age of 16 years."

5.   **SAME—Allegations and Proof—Previous Chaste Character.** Under the statute (second subdivision of section 2414, Rev. Laws) the previous chaste and virtuous character of the prosecutrix is a material element of the offense, and must be alleged, and the state must prove in the first instance that she was of previous chaste and virtuous character.

6.   **SAME—Burden of Proof.** In a prosecution for statutory rape, where the previous chastity of the female is an essential element of the offense as defined by the statute, it cannot be said that the law presumes that the female was not of chaste

character when the act was committed, although such chaste character must be alleged, and the burden is on the state to prove beyond a reasonable doubt that she was of previous chaste and virtuous character.

7. **APPEAL AND ERROR—Harmless Error—Instructions on Rape.** In a prosecution for rape as defined by second subdivision of section 2414, Rev. Laws, an instruction that every female is presumed to be of previous chaste character until the contrary is shown, was harmless error, where the proof of the prosecutrix's previous chaste character was not contested.

8. **EVIDENCE—Burden of Proof—Alibi.** The burden of proof is not shifted by the defense of an alibi, and the defendant is entitled to an acquittal if the evidence raises a reasonable doubt of his presence at the time and place where the crime was committed.

9. **TRIAL—Instructions on Alibi.** An instruction to find the defendant not guilty if the jury believe from the evidence that the defendant was not present when the crime was committed, if it was committed, is erroneous.

*Appeal from District Court, Roger Mills County;*
*T. P. Clay, Judge.*

A. B. C. Davis was convicted of rape in the second degree, and he appeals. Reversed.

*John R. Guyer* and *Burns & Toney,* for plaintiff in error.

*S. P. Freeling,* Atty. Gen., and *W. C. Hall,* Asst. Atty. Gen., for the State.

DOYLE, P. J. This appeal is from a judgment of conviction for rape in the second degree and sentence in accordance with the verdict for the term of five years in the penitentiary. The information charged that—

"within the county of Roger Mills, state of Oklahoma, on the 25th day of June, 1916, one A. B. C. Davis, late of the county aforesaid, did then and there unlawfully, intentionally, feloniously, make an assault in and upon Iva

Nettles, and ravish and have sexual intercourse with the said Iva Nettles, a female under the age of eighteen years, of previous chaste character, and not the wife of the said A. B. C. Davis, without the consent of the said Iva Nettles, and against the will of the said Iva Nettles, the said Iva Nettles then and there being under the age of 18 years, contrary to and in violation of the statutes in such case made and provided, and against the peace and dignity of the state."

A demurrer was duly interposed on the grounds that more than one offense is charged in the information, and that the facts stated do not constitute a public offense. When the motion for new trial was overruled, the defendant thereupon moved in arrest of judgment upon the same grounds. The court overruled the demurrer and the motion in arrest of judgment, and these rulings of the court are assigned as error.

The first contention of the defendant is that the two offenses, rape in the first degree by means of force and statutory rape, are so mingled and included in one count as to make the information duplicitous.

The section of the Penal Code defining rape reads as follows:

"Rape is an act of sexual intercourse accomplished with a female, not the wife of the perpetrator, under either of the following circumstances:

"First. Where the female is under the age of sixteen years.

"Second. Where the female is over the age of sixteen years and under the age of eighteen, and of previous chaste and virtuous character.

"Third. Where she is incapable through lunacy or any other unsoundness of mind, whether temporary or permanent, of giving legal consent.

"Fourth. Where she resists but her resistance is overcome by force and violence.

"Fifth. Where she is prevented from resistance by threats of immediate and great bodily harm, accompanied by apparent power of execution.

"Sixth. Where she is prevented from resisting by any intoxicating narcotic, or anesthetic agent, administered by or with the privity of the accused.

"Seventh. Where she is at the time unconscious of the nature of the act and this is known to the accused.

"Eighth. Where she submits under the belief that the person committing the act is her husband, and this belief is induced by artifice, pretence or concealment practiced by the accused, or by the accused in collusion with her husband with intent to induce such belief. And in all cases of collusion between the accused and the husband of the female, to accomplish such act, both the husband and the accused shall be deemed guilty of rape." Section 2414, Rev. Laws 1910.

The section defining the degree of rape and the punishment reads as follows:

"Rape committed by a male over eighteen years of age upon a female under the age of fourteen years, or incapable through lunacy or unsoundness of mind of giving legal consent; or accomplished with any female by means of force overcoming her resistance, or by means of threats of immediate and great bodily harm, accompanied by apparent power of execution, preventing such resistance is rape in the first degree. In all other cases rape is of the second degree." Section 2417, Rev. Laws 1910.

"Rape in the first degree is punishable by death or imprisonment in the penitentiary, not less than fifteen years, in the discretion of the jury or in case the jury fail or refuse to fix the punishment then the same shall be pronounced by the court." Section 2418, Rev. Laws 1910.

"Rape in the second degree is punishable by imprisonment in the penitentiary not less than one year nor more than fifteen years." Section 2419, Rev. Laws 1910.

The sufficiency of the information must be tested by these provisions of the Penal Code. Rape may be committed upon a female of any age when accomplished by force and violence overcoming her resistance, and an indictment or information for rape, as defined by the fourth subdivision of section 2414, should contain a sufficient allegation that the rape was committed by force and violence overcoming the resistance of the female. The allegation in the information in this case that the defendant did "ravish and have sexual intercourse with the said Iva Nettles, * * * without the consent and against the will of the said Iva Nettles," is insufficient to charge rape in the first degree as defined by the fourth subdivision of section 2414, *supra.* A charge of rape in the second degree as defined by the second subdivision of section 2414, would be fully sustained by proof of carnal intercourse with a female "over the age of sixteen years and under the age of eighteen, and of previous chaste and virtuous character," and this allegation did not extend, limit, or modify the crime charged, and might have been omitted as mere redundance.

The defendant also contends that the information was fatally defective in that it did not allege that the female was "over the age of sixteen years."

The information charges that the defendant feloniously did ravish and have sexual intercourse with a certain female under the age of 18 years, of previous chaste and virtuous character, and not the wife of the defendant. Thus it sufficiently negatives the fact that said female was not under the age of 16 years, and must be understood as mean-

ing that she is above that age. *Hast v. Territory*, 5 Okla. Cr. 162, 114 Pac. 261.

A defendant is sufficiently informed of the nature and cause of the accusation against him if the information contains such a description of the offense charged as will enable him to make his defense and to plead the judgment in bar of any further prosecution for the same offense.

The record shows that when the jury was sworn to try the case the court, on the request of the defendant, required the state to elect whether it would try the defendant on the charge of rape in the first or second degree, and thereupon the state elected to try him on the charge of rape in the second degree.

For the reasons stated, we think the information is not fatally defective, and the demurrer thereto and the motion in arrest of judgment were properly overruled.

The other questions raised by the errors assigned require a brief statement of the facts in evidence. It appears that the prosecutrix at the time said crime is alleged to have been committed was 17 years of age, and would have been 18 on the following 20th of October, and was 19 years of age at the time of the trial, in May, 1918. She was living with her folks on a farm about four miles from the town of Durham. The defendant was a practicing physician at Durham, and had been their family physician. The prosecutrix testified that in the afternoon of the date alleged he called at her home, and she and her baby sister were the only persons at home at the time; that her father was working in the field, that her brother was away working in the harvest, and her stepmother was at Durham; that the defendant sat down, and while she

was combing her hair he got up and came over where she was, and she told him to go away, and he went and looked out the window towards the field, and she went into the other room and tried to lock the door, but he followed her in before she had time to lock it and said, "I just as well give up;" that she said she would not, and he pushed her over across the bed, and pulled up her clothes and unbuttoned her drawers, and had sexual intercourse with her; that one of his hands was on her throat at the time; that after she got up he asked her if she was going to tell, and she told him she was; that he said he would kill her if she did; that he stayed at the house for about an hour; that she continued friendly relations with the defendant, and he was back at the house nearly every week until Christmas, and on that day he came and took her and her little brother to his home for dinner; that she went with him in his car to go to a neighbor's for milk, and when they were about a mile and a half from his home he stopped the car and pulled up her dress; that she slipped down on the seat, and he was on top of her, when four men in a car passed them and one of the men hallooed; that the defendant at that time did not have intercourse with her; that up to that time she had never told any person that the defendant had intercourse with her; that the only sexual intercourse she ever had with a man was with the defendant at her home, and she did not become pregnant; that the men who passed the car told her father, and when he spoke to her about it she told her father that at that time the defendant only attempted to have sexual intercourse with her, and denied that he had ever had sexual intercourse with her, and then she told her father about the occurrence on June 25th at their home; that she fixed the date by the entries in their store book.

Three witnesses testified that on Christmas day they were on their way to the Nettles place, and saw Dr. Davis, the defendant, and the prosecutrix in a car which was stopped by the side of the road; that she was lying down in the seat, and Dr. Davis was on top of her, apparently in the act of having sexual intercourse; that it was about 1 o'clock p. m. when they passed the car; that they informed the father of the prosecutrix what they had observed.

The defendant, as a witness in his own behalf, testified that he had never had intercourse with the prosecutrix, and was never at her home at a time when other adult members of the family were not present. His further testimony tends to prove an alibi. The testimony of several other witnesses proves, or tends to prove, an alibi.

The trial court instructed, among other things, as to reasonable doubt and the presumption of innocence, and also gave the following instruction:

"You are instructed that every female is presumed to be of previous chaste and virtuous character until the contrary is shown."

On the question whether the presumption of chastity obtains in a case of this kind and relieves the state of the necessity of bringing forward, in the first instance, evidence of the previous chaste character of the prosecutrix, the decisions of this court are not in accord.

In the case of *Marshall v. Territory*, 2 Okla. Cr. 136, 101 Pac. 139, it is said:

"Wherever character is an element of the crime—that is, where the statutory definition of the crime involves chastity, wherein the act constituting the offense must have been concerning a female having previous chaste and virtuous character—the law will not presume such character

to exist. The burden is upon the state to establish, beyond a reasonable doubt each material allegation in the indictment, and each material element of the crime charged, one of which is that the female was of previous chaste and virtuous character."

In the case of *Diffey v. State,* 10 Okla. Cr. 190, 135 Pac. 942, it is said:

"The law presumes that the female is chaste and virtuous, and this presumption authorizes the jury to assume at the outset that the prosecutrix was chaste and virtuous. If any evidence is introduced tending to show a want of previous chaste and virtuous character, then the state is required to establish the previous chaste and virtuous character of the prosecutrix beyond a reasonable doubt."

In the case of *Butts v. State,* 12 Okla. Cr. 391, 157 Pac. 704, it is said:

"Under the statute the previous chaste character of the prosecutrix in a prosecution for seduction is a material element of the offense, and must be alleged and proved beyond a reasonable doubt, and in this case the court so instructed the jury. The law presumes that every female is chaste, but the presumption in favor of the chastity of the prosecutrix in a seduction case is overcome by the presumption of the innocence of the defendant."

On this question Mr. Bishop says:

"Where the woman's previous chaste character is an element in the offense, and it must be alleged, it must also be passed upon by the jury. But,

"Some courts deem the presumption of her chastity sufficient to establish it until evidence appears to the contrary. Others hold that, since also the defendant is presumed to be innocent, and so the two presumptions are in conflict, some evidence of her chastity must be brought forward in the first instance. This conclusion seems better

to accord with the legal analogies and reason than the other, while yet ordinarily such evidence can in the nature of things be only slight and circumstantial. If the woman is a witness, she may testify to her previous virtue." Bishop on Statutory Crimes, par. 648.

Prof. Wigmore says:

"It is sometimes said that there is a presumption of chastity, or of chaste character. But commonly in such cases the result is really determined by the incidence of the first burden of proof."

In prosecution for sexual crimes, where the previous chastity of the female is an essential element of the offense as defined by the statute, it cannot be said that the law presumes that the female was not of chaste character when the act was committed, although such chaste character must be alleged, and the burden is on the state to prove beyond a reasonable doubt that the prosecutrix was of previous chaste character.

Under the statute the previous chaste and virtuous character of the prosecutrix in a prosecution for rape, as defined in the second subdivision of section 2414, is a material element of the offense, and must be alleged, and the state must prove in the first instance that she was of previous chaste and virtuous character.

In our opinion this rule is more logical than the rule stated in the case of *Diffey v. State, supra.* Said instruction was therefore erroneous. But upon the record in this case we do not think that the giving of said instruction was prejudicial. The proof of the prosecutrix's previous chaste character was uncontested. If there had been an actual contested issue concerning the prosecutrix's chastity, then there can be no doubt the error would be prejudicial. How-

ever, upon the record it clearly appears that the defendant could not have been harmed by the error.

On the question of an alibi the court gave an instruction which reads as follows:

"(19)   In this case the defendant interposes as a defense what in law is known as an alibi; that is, if the offense was committed, that the defendant was not at the place at the time of its commission, and therefore was not and could not have been the person who committed the same. Therefore, if you believe and find from the evidence that the crime of rape in the second degree, or assault with intent to rape, was committed on or about the time alleged in the information as hereinbefore instructed, and you further believe from the evidence that the defendant, A. B. C. Davis, was not present at the time and place when the same was committed, if it was committed, then you will find the defendant not guilty."

The Attorney General concedes that this instruction is erroneous. The defense was largely in the nature of an alibi, as shown by the testimony of several witnesses, including the defendant. The correct rule is that if the evidence of an alibi produces upon the minds of the jury a reasonable doubt of the defendant's presence at the time and place where the alleged crime was committed, it would be sufficient to require an acquittal, and the court should have so instructed the jury. The instruction given shifts the burden of proof, and was therefore prejudicial to the substantial rights of the defendant.

For this error the judgment is reversed.

ARMSTRONG and MATSON, JJ., concur.