## A. D. BERSHEARS v. STATE.

No. A-4920.   Opinion Filed July 15, 1925.
Rehearing Denied Oct. 30, 1925.
(240 Pac. 326.)

I. L. Cook and H. H. Cook, for plaintiff in error.

George F. Short, Atty. Gen., and G. B. Fulton, Asst. Atty. Gen., for the State.

DOYLE, J.   This appeal is from a judgment of conviction for rape in the second degree and sentence in accordance with the verdict of the jury for a term of 10 years in the penitentiary.

The information charged that in Atoka county on or about the 28th day of April, 1923, "A. D. Bershears, a male person over the age of 18 years, then and there being, did then and there, willfully, wrongfully, unlawfully and feloniously, make and commit an assault upon one Annie Brandon, a female person, under the age of 18 years and of the age of 17 years, said Annie Brandon not being then and there the wife of him, the said A. D. Bershears, and did then and there have sexual intercourse with her, the said Annie Brandon, the said Annie Brandon being then and there a female person of previous chaste and virtuous character, contrary to," etc.

A demurrer was duly interposed on the grounds that more than one offense is charged in the information; that the charges are so mingled and included in one count as to make the information duplicitous; and that the facts stated do not constitute a public offense. After verdict and before judgment, the defendant moved in arrest of judgment upon the same grounds.

It is urged that the information is insufficient be-

cause it does not allege that the defendant "feloniously did ravish and carnally know, forcibly and against the will of said female, or at least set forth sexual intercourse, accomplished without the consent of the female."

Rape in the second degree, as charged in the information, is defined in section 1834, C. S. 1921, second subdivision, as follows:

"Rape is an act of sexual intercourse accomplished with a female, not the wife of the perpetrator, under either of the following circumstances: * * *

"Second. Where the female is over the age of sixteen years and under the age of eighteen, and of previous chaste and virtuous character."

A charge of rape in the second degree, as defined by this subdivision, would be fully sustained by proof of carnal intercourse with a female "over the age of sixteen years and under the age of eighteen, and of previous chaste and virtuous character," whether accomplished with or without the consent of such female. Davis v. State, 17 Okla. Cr. 604, 191 P. 1044.

The point that the information does not state facts constituting the crime of rape is not well taken. It certainly does state facts constituting that crime under the second subdivision of section 1834. Neither is there anything in the point that it is duplicitous. The only crime charged is that of rape in the second degree. It follows that the information is sufficient, and the demurrer thereto and the motion in arrest of judgment were properly overruled.

The other questions presented require a brief statement of the facts in evidence. The undisputed facts are that the prosecutrix was 17 years of age and would have been 18 on the following 25th of February; that her mother married the defendant when she was about 2

years old; that she was not the wife of the defendant.

The testimony of the prosecuting witness was to the effect that the defendant had for about 2 years on several occasions compelled her by threats and intimidation to submit to acts of sexual intercourse; that he would threaten to kill her if she did not submit; that in the month of July, 1922, a picnic was held in the town of Farris, and the defendant, her mother, and the rest of the family attended the picnic, and returned to the farm about midnight; that the family slept in beds in the yard, the defendant and her mother in one bed, the prosecutrix and her 13 year old half-sister in another bed; that some time after they had gone to bed the defendant came to her bed and forced her to submit to sexual intercourse.

Eula Bershears testified that her age was 13 years; that the defendant was her father; that after they returned from the picnic at Farris she was sleeping with her half sister. Annie Brandon; that she woke up, and Annie was crying, and her father was on top of her in the bed.

Dr. Hill, a duly licensed and practicing physician, testified that at the request of the county attorney he made an examination of the person of the prosecutrix, and found a ruptured hymen.

As a witness in his own behalf the defendant testified that his age was 50 years; that he married Annie Brandon's mother July 6, 1908; that on several occasions he had occasion to chastise and reprimand Annie for staying out after night and keeping company with different boys; "that he caught a fellow hugging and kissing her in the house one night, and blessed him out, and the girl got mad"; that she brought this case against him because he chastised her for her misconduct. He denied that he ever did have sexual intercourse with her that night or at any other time.

Tiny Wilson testified her age was 21 years; that the defendant, A. D. Bershears, was her father; that she saw Annie Brandon and Charley Martin lying down on the bed together; that on another occasion she saw them hugging and kissing each other.

In rebuttal five or six witnesses qualified as character witnesses, and testified that the reputation and character of the prosecutrix, Annie Brandon, as to being of chaste and virtuous character in that community was good and very good.

Charley Martin testified that his age was 18 years; that he was engaged to be married to Annie Brandon, and the date for their marriage was set; that he had kept company with her frequently for several months; that he never had sexual intercourse with Annie Brandon.

Complaint is made that the court erred in giving an instruction which reads as follows:

"No. 8. You are instructed that a girl 17 years of age is presumed in law to be a person of previous chaste and virtuous character, unless evidence is offered by the defendant to the contrary, and then the court instructs you that the burden would be upon the state to prove such previous chaste and virtuous character to your satisfaction beyond a reasonable doubt. (Excepted to by defendant.)

"J. H. Linebaugh, District Judge."

It is argued that the foregoing instruction did not correctly state the law. A review of the various decisions of this court upon the subject we believe unnecessary.

In Davis v. State, supra, it was held that:

"In a prosecution for statutory rape, where the previous chastity of the female is an essential element of the offense as defined by the statute, it cannot be said that the law presumes that the female was not of chaste character when the act was committed, although such chaste character must be alleged, and the burden is on the state to

prove beyond a reasonable doubt that she was of previous chaste and virtuous character."

In the opinion the authorities are reviewed.

While said instruction is not a correct statement of the law, the court further instructed the jury that the burden was upon the state to prove the material allegations of its information beyond a reasonable doubt, and, if it failed to do this, the jury should acquit the defendant.

We are clearly of opinion that, where there has been no refusal of a proper instruction requested, and none was requested in this case, the instruction given did not constitute prejudicial error. Upon the record before us it clearly appears that the defendant could not have been harmed by the error complained of.

Our Code of Criminal Procedure provides:

"No judgment shall be set aside or new trial granted by any appellate court of this state in any case, civil or criminal, on the ground of misdirection of the jury or the improper admission or rejection of evidence, or as to error in any matter of pleading or procedure, unless, in the opinion of the court to which application is made, after an examination of the entire record, it appears that the error complained of has probably resulted in a miscarriage of justice, or constitutes a substantial violation of a constitutional or statutory right." Section 2822, C. S. 1921.

The mandatory language of this wise and beneficent provision precludes this court from reversing judgments of conviction for errors, defects, or irregularities deemed inconsequential, in the absence of reasonable clear indications that the plaintiff in error was prejudiced thereby, in that otherwise the verdict might with reasonable probabilities have been different. The public policy in the administration of criminal justice, as declared by this and other similar provisions of our Code of Criminal Procedure, has from its organization been fully conformed to by this court,

not only as an obligation, but as a pleasure as well, and the doctrine that, error being made to appear, prejudice will be presumed has never obtained in this court.

In Byers v. Territory, 1 Okla. Cr. 677, 100 P. 261, 103 P. 532, it is said:

"It is the fixed purpose of this court to carry out the spirit of this statute; and, when a defendant has been properly charged with an offense, and fairly tried, and the evidence clearly establishes his guilt. this court will not reverse the conviction upon any technicality or exception which did not deprive the defendant of a substantial right."

The remaining assignments of error are as destitute of merit as the assignment that the evidence is insufficient to support the verdict.

Finding no error prejudicial to the substantial rights of the defendant, the judgment appealed from is affirmed.

BESSEY, P. J., and EDWARDS, J., concur.