## ARCH HUMPHREY v. STATE.

No. A-5553.    Opinion Filed May 15, 1926.
(246 Pac.. 486.)

L. A. Wallace and D. E. Ashmore, for plaintiff in error.

Geo. F. Short, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

EDWARDS, J.    The plaintiff in error, hereinafter called defendant, was convicted in the superior court of Okmulgee county on a charge of statutory rape, and his punishment fixed at a term of 10 years in the state penitentiary.

The information alleges that the prosecutrix, Ollie May Roberts, is a female over the age of 16 years and under the age of 18 years, and of previous chaste and virtuous character, etc. The evidence is sufficient to prove an act of intercourse between defendant and the prosecutrix, with her consent. No evidence as to previous chaste and virtuous character of prosecutrix was offered by the state, and her character was not attacked by defendant. Defendant excepted to and assigns as error the court's instructions Nos. 4 and 5. They are as follows:

"No. 4. You are therefore instructed that, if you believe and find beyond a reasonable doubt that the defendant, on or about the date alleged in the information, to wit, the 7th day of May, 1923, and in Okmulgee county, did knowingly, willfully, wrongfully, unlawfully, and feloniously accomplish the act of sexual intercourse with, carnally know and rape, the complaining witness, Ollie May Roberts, and if you further believe and find, beyond a reasonable doubt, that the said Ollie May Roberts is a female person over the age of 16 years and under the age of 18 years, and was between such ages at the time of the alleged offense, and that she was not at the time the wife of the said Arch Humphrey, then, and in that event, the defendant would be guilty of rape, as charged in the information, and you should so find. On the other hand, if you have a reasonable doubt as to the guilt of the defendant, it will be your duty to give the defendant the benefit of such doubt, and acquit him.

"No. 5. You are instructed that an unmarried female of the age of 17 years is presumed to be of chaste and virtuous character, and this presumption stands until the contrary is proved."

The second subdivision of section 1834, Comp. St. 1921, reads:

"Rape is an act of sexual intercourse accomplished with a female, not the wife of the perpetrator, under either of the following circumstances: * * * Second. Where the female is over the age of sixteen years and under the age of eighteen, and of previous chaste and virtuous character."

The phrase "of previous chaste and virtuous character" is made one of the essential elements of the offense here defined. The information must allege it, and the state must establish the allegation by competent evidence. The presumption is that a female is of chaste and virtuous character. The presumption is also that a defendant is innocent, and the presumption of chastity does not overcome the presumption of innocence and take the place of proof of this material element of the offense. The law is that sexual intercourse accomplished by force on a female of any age, not the wife of the perpetrator, is rape. A female above the age of 18 years, whether chaste or not, may consent to an act of sexual intercourse. A female of previous chaste and virtuous character, between the age of 16 years of age and 18, is incapable of consenting to an act of sexual intercourse, and to despoil her of her virtue, although with her consent, is rape in the second degree. If however, she be unchaste, sexual intercourse with her consent is not made a crime. Under the age of 16, a female is incapable of giving consent whether chaste or unchaste. This statute has been considered in the following cases: Marshall v. Ter., 2 Okla. Cr. 136, 101 P. 139; Sayers v. State, 10 Okla. Cr. 233, 135 P. 1073; Castleberry v. State, 10 Okla. Cr. 504, 139 P. 132; Diffey v. State, 10 Okla. Cr. 190, 135 P. 942; Davis v. State, 17 Okla. Cr. 604, 191 P. 1044; Dodson v. State, 30 Okla. Cr. 135, 235 P. 268; Bershears v. State, 32 Okla. Cr. 180, 240 P. 326. See, also, Butts v. State, 12 Okla. Cr. 391, 157 P. 704; Bishop on Statutory Crimes, par. 648.

In the case of Diffey v. State, supra, this court held that a female is presumed to be of previous chaste character, and the burden was on the state to prove chastity only after defendant had introduced some evidence to the contrary. This case was virtually overruled by the case of Davis v. State, supra, where the presumptions were discussed, and the court said:

"Under the statute the previous chaste and virtuous character of the prosecutrix in a prosecution for rape, as defined in the second subdivision of section 2414 (1834), is a material element of the offense, and must be alleged, and the state must prove in the first instance that she was of previous chaste and virtuous character. In our opinion this rule is more logical than the rule stated in the case of Diffey v. State, supra. * * *"

This holding was reaffirmed in the case of Dodson v. State, supra, and Bershears v. State, supra, and, in order that there may be no misunderstanding on the part of the trial court, that part of the Diffey Case, supra, which states that the burden is on the state to prove chastity only after defendant has introduced evidence to the contrary is expressly overruled. It follows that instructions Nos. 4 and 5 of the court's charge were erroneous, and require a reversal.

The case is reversed and remanded.

BESSEY, P. J., and DOYLE, J., concur.