## HAROLD JOHNS v. STATE.

No. A-8560. Sept. 29, 1933.

(25 Pac. [2d] 716.)

Alvin Moore, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

DAVENPORT, J.   The plaintiff in error, hereinafter called the defendant, was convicted of rape in the second degree, and sentenced to serve a term of one year and six months in the state penitentiary, from which judgment and sentence the defendant appeals.

The testimony on behalf of the state shows that the prosecuting witness, Margorie Linscott, was 16 years of age, and under 18, was attending school in the city of Shattuck, and assisting with the housework for her room and board at the home of Mr. and Mrs. Roy Edwards; that while there she became acquainted with the defendant, Harold Johns; Johns persuaded the prosecuting witness to get in his car and ride out with him some distance from town, and in a secluded place and against the will of the prosecuting witness, and by force, raped the prosecuting witness.

The proof further shows that the witness thereafter became infatuated with the defendant and on several occasions had intercourse with defendant; finally it was discovered that the prosecuting witness had conceived and would soon become a mother; when it was learned the prosecuting witness was pregnant the parents communicated with the defendant, and defendant drove out to the home of the prosecuting witness and there discussed the question with her father and mother, admitting his guilt and made an offer to settle, by offering to pay the expenses of her confinement, and suggested she could be sent away some place until the child was born; that the child could be adopted by some one and Margorie could return home and no one would ever know what had happened. The mother of the prosecuting witness suggested that he marry her. The testimony on behalf of the state clearly shows that the defendant committed the offense charged against him.

The defendant did not testify in the trial, but called several witnesses, one of whom testified he had seen another man on the golf course cohabiting with the prosecuting witness; another witness testified he had had sexual

intercourse with the prosecuting witness. This is in substance the testimony.

The defendant has filed 14 assignments wherein he alleges the trial court committed error sufficient to warrant a reversal of this case. The fourth assignment of the defendant is, that the court erred in overruling the demurrer to the information on the ground that the information was insufficient to charge a crime.

Section 2515, subdivision 2, Oklahoma Statutes 1931, defines rape in the second degree:

"Where the female is over the age of sixteen years and under the age of 18, and of previous chaste and virtuous character."

It is urged by the defendant that the information is insufficient and that it does not state facts sufficient to charge the crime of rape in the second degree. With this contention we cannot agree. An examination of the record in this case clearly shows that defendant not only knew the crime charged against him, but prepared and made his defense seeking to show that the unfortunate girl, Margorie Linscott, was not of previous chaste and virtuous character, by calling a number of witnesses to show the prosecuting witness had had sexual intercourse with other parties.

The record discloses that the defendant did not take the stand to deny any statement of the prosecuting witness, or the statements of the father and mother. This case presents a deplorable condition. Here we find a country girl of 16 years of age, ambitious for an education, coming to the city working for her board and room in order that she may acquire it. She comes in contact with a man 29 years of age who persuades her to get into his car and drives her to the country, and with deceitful cun-

ning and persuasion cohabits with her, and then continues for some time, according to the undisputed testimony, to cohabit with her until it is known she has conceived and will be a mother. Then we find this man of 29 years of age, after he had satisfied his passion and brought disgrace and ruin to the girl, not possessing manhood enough to try to protect her, but ready and willing to drag the girl down further into the depths of disgrace by having witnesses swear other men had intercourse with the prosecuting witness about the time or before the prosecuting witness alleges the defendant cohabited with her. This clearly shows a depraved mind and a want of manhood, and it further shows that the defendant was not taken by surprise, or that he did not know the offense charged against him, but that he made an effort to further disgrace the girl by showing she was not of previous chaste and virtuous character.

The defendant, according to the record in this case, is not only guilty of the crime charged against him, but has shown himself to be unworthy to be classed as a gentleman, and has dragged into this case other boys or men who were willing to testify to such a statement of facts that a reputable jury wholly disbelieved, and returned its verdict convicting this defendant. As disclosed by the record in this case, the verdict is a righteous and just verdict, and one that told the defendant, and those who were willing to assist the defendant in trying to drag the name of this unfortunate girl, the prosecuting witness in this case, further down in immorality, shame, and disgrace, that their testimony was wholly unworthy of belief. The information stated facts sufficient to advise the defendant of the charge against him, and the court did not err in overruling his objections to the information. Hast

v. Territory, 5 Okla. Cr. 162, 114 Pac. 261; Davis v. State, 17 Okla. Cr. 604, 191 Pac. 1044.

It is next urged by the defendant that the information was not verified. There is nothing in this contention, as this court has often held an information charging a felony need not be verified.

Defendant further presents the question that the certified transcript of the proceedings in the preliminary had not been filed in the trial court when the information was filed, and that until the transcript was filed in the district court there was nothing before the court, and that the court was without jurisdiction. The case of Lary v. State, 50 Okla. Cr. 111, 296 Pac. 512, is decisive of the contention raised. In the Lary Case the court held:

"A motion to set aside the information on the ground that it was filed before the record of the preliminary examination and the order of commitment by the magistrate was received by the court clerk, should be overruled, where such information was filed after the preliminary examination in fact had been held and the order of commitment had been made and entered of record by the magistrate, and where, prior to the trial, the record of the preliminary examination and the order of commitment are duly filed with the court clerk."

The court did not err in overruling the motion of defendant to dismiss for the reason that the record discloses that the trial did not take place until the transcript of the examining magistrate had been filed in the district court clerk's office.

The defendant in his eleventh assignment urged that the court erred in permitting the district attorney, in his closing remarks, to allude indirectly to the fact that the defendant did not testify, and sets out in his brief the remarks made by the counsel in the closing argument. As

the argument of counsel on both sides is not before the court, this court cannot say whether the attorney for the defendant went outside of the record on the question of the defendant's failure to testify or not. If he did, the attorney for the state would have a right to reply to his argument. No motion was made by defendant, or request to exclude the argument from the jury, nor was the court requested to advise the jury that the argument was improper and they should not consider it. The remarks of the county attorney in his closing argument to the jury, under the facts disclosed by the record, held not a comment upon the failure of the defendant to testify, within the meaning of section 3068, Okla. Stats. 1931.

The record in this case has been carefully read and studied. There are other assignments not referred to in this opinion, for the reason they do not possess sufficient merit to warrant a reversal of this case. The defendant was accorded a fair and impartial trial, and the jury in fixing the punishment was extremely reasonable. The motion of the defendant for a new trial was properly overruled. Finding no errors in the record sufficient to warrant a reversal, the judgment is affirmed.

EDWARDS, P. J., and CHAPPELL, J., concur.