Genevieve THATCHER, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–77–860.

Court of Criminal Appeals of Oklahoma.

Nov. 26, 1979.

Rehearing Denied Jan. 7, 1980.

Andrew E. Wood, Tulsa, and L. G. Hawkins, Sapulpa, for appellant.

Larry Derryberry, Atty. Gen., Bill J. Bruce, Asst. Atty. Gen., James G. Wilcoxen, Legal Intern, for appellee.

## OPINION

CORNISH, Presiding Judge:

The appellant, Genevieve Thatcher, was convicted in the District Court, Creek County, Case No. CRF–77–139, of the crime of Delivery of a Controlled Drug under the Uniform Controlled Dangerous Substances Act, 63 O.S.Supp.1978, § 2–101, et seq. Punishment was set at ten (10) years' imprisonment and a Five Thousand ($5,000.00) Dollar fine.

■ Complained of on appeal are the trial court's failure to disqualify the jury panel and improper comments by both the prosecutor and the trial judge throughout the trial.

In addition to this case, the appellant was charged in two other cases, all docketed for May 19, 1977. The trial judge called his docket in the presence of all jurors who had been summoned for a term of jury service. When the appellant's cases were called, she appeared but her counsel did not. Following a conference with the District Attorney, the judge excused all the jurors and the appellant until 1:30 that afternoon. At 1:30 p. m., defense counsel appeared but the appellant did not. His motion for a continuance was overruled and an agreement was reached to try only Case No. CRF–75–139.

The jurors were then excused until 2:35 p. m. when the case was again considered. The appellant still was not present. Within the hearing of the jury panel, the judge issued a bench warrant in each of the three cases, setting total bond at $80,000.00. The court then sent the jury home and requested that they return on Monday to continue jury service. Defense counsel objected to the use of this particular array of jurors for the case, but his objection was overruled.

The following Monday, May 23, 1977, all parties were present, and a jury was impaneled and sworn. The appellant now urges that the trial court erred in overruling her motion to disqualify the jury panel. She states her rights to a fair and impartial trial were violated by the use of jurors impaneled from the same array of jurors who heard the issuance of bench warrants the previous week, at which time the court stated:

> "Well she was told to be back here. Take a minute on this case. State of Oklahoma vs. Genevieve Thatcher and it's CRF75–139. In that case issue a bench warrant for the defendant and set the bond on the bench warrant at $30,000.00. In State of Oklahoma vs. Genevieve Thatcher, CRF75–129, issue a bench warrant for her in that case and set bond on the bench warrant at $25,000.00. The next one is State vs. Genevieve Thatcher, CRF75–140, issue a bench warrant for the defendant, forfeit the bond in each case, and set the bond on the bench warrant at $25,000.00 on that one also. Anything else you want to make in the form of a record?

> \* \* \* \* \* \*

> "All the remaining jurors in the courtroom, the Court intended at this time to pick a jury in the next case, which is the

one we've been discussing here. The defendant is not present as you've heard, so therefore we won't pick any jury and you can be excused at this time from further attendance until 9 o'clock Monday morning. . . ."

The appellant claims the court caused her irreparable harm by informing the jury panel that the appellant had failed to appear; that there were other charges pending; that bonds had been forfeited; and that bench warrants had been issued. We disagree.

This Court first notes that the appellant's challenge to the jury panel was not made on any ground sanctioned by law, nor was it in the form required by statute, 22 O.S. 1971, § 634.[1] See *Jones v. State*, Okl.Cr., 523 P.2d 1126 (1974). In addition, if defense counsel considered the remarks of the court to be prejudicial, he should have questioned the prospective jurors extensively on voir dire and challenged them for cause. Since the voir dire was not designated to be transcribed, the issue has not been properly preserved for appellate review. In *Passmore v. State*, 87 Okl.Cr. 391, 198 P.2d 439 (1948), we said in the third paragraph of the Syllabus that a motion to disqualify all of the jurors is one usually addressed to the sound discretion of the trial court and will not be set aside absent an abuse of the same. Based on the record before us, we hold the trial court did not err in overruling the appellant's motion to disqualify the jury panel.

Concerning the remaining allegations of error as to improper statements by the prosecuting attorney and the court, the appellee concedes in its brief that "there were a few unnecessary comments made by both the judge and prosecutor, . . ." Having reviewed the entire record, this Court finds that the trial proceedings, taken in their entirety, were not so prejudicial as to deny the appellant due process of law and a fair trial so as to justify reversal. See *Davie v. State*, Okl.Cr., 414 P.2d 1000 (1966); *Kerr v. State*, Okl.Cr., 462 P.2d 268 (1969); and *Gaines v. State*, Okl.Cr., 568 P.2d 1290 (1977). Likewise, we find no merit to the appellant's contention that the accumulation of errors and irregularities in the trial warrant reversal. However, we must agree that the remarks justify modification of the appellant's sentence from ten (10) years' imprisonment and a fine of Five Thousand Dollars ($5,000.00) to six (6) years' imprisonment and a fine of Five Thousand Dollars ($5,000.00).

We deem it unnecessary to discuss the issue contained in the appellant's supplemental brief, as it was not raised in her motion for new trial or petition in error.

For all the above and foregoing reasons, the judgment and sentence is, hereby, *AFFIRMED as MODIFIED*.

BUSSEY, J., concurs in results.

BRETT, J., dissents.

BRETT, Judge, dissenting:

I respectfully dissent to this decision for the reason I believe the entire array of jurors was prejudiced toward the defendant by what the judge said in their presence. There are other provisions for the punishment of an absent defendant other than making prejudicial remarks in the presence of the jurors, as was done in this case.

---

1. Title 22 O.S.1971, § 634, provides:
   "A challenge to the panel must be taken before a jury is sworn, and must be in writing, specifying plainly and distinctly the facts constituting the ground of challenge."