## Ed Barnes v. The State.

No. 4828. Decided March 13, 1918.

**1.—Passing Forged Instrument—Verdict—Practice in District Court.**

Where defendant was indicted on two counts, the first for forgery and the second for passing that forged instrument, and the State abandoned the first count, and the jury was so instructed there was no error in permitting the jury to change the verdict in the jury box by erasing "first" and writing "second" before the word "count"; besides, there were no objections made at the time and as this was an informal verdict there was no error in having it corrected under the direction of the court.

**2.—Same—Sufficiency of the Evidence—Question of Fact—Alibi—Charge of Court.**

Where, upon trial of passing a forged instrument, the testimony for the State was sufficient to sustain the conviction, although defendant introduced

testimony of an alibi, there was no error under a proper charge of the court, as the jury are the exclusive judges of the credibility of the witnesses and of the weight to be given their testimony.

Appeal from the District Court of Williamson. Tried below before the Hon. James R. Hamilton.

Appeal from a conviction of passing a forged instrument; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*J. F. Taulbee,* for appellant.—On question of correcting informal verdict: Long v. State, 1 Texas Crim. App., 709, distinguishing Woodall v. State, 58 Texas Crim. Rep., 513.

*E. B. Hendricks,* Assistant Attorney General, for the State.

PRENDERGAST, Judge.—The indictment herein is in two counts. The first charges appellant with the forgery of a check for $23.50; the second so charges him with passing that forged check on Ray Purl on or about July 19th. There was no question as to the validity of either these counts. The State abandoned the first, and the court plainly told the jury so in his charge. The court did not submit the first to the jury for a finding at all, but submitted the second only.

After considering the case the jury returned into court and stated they had agreed upon a verdict, which was passed up to the court. The court saw that it found him guilty "as charged in the first count" and assessed his punishment at two years. The court thereupon refused to receive the verdict and passed it back to the jury with the statement that the defendant was not on trial for forgery as set out in the first count, but was on trial for passing a forged instrument as set out in the second count. The verdict was then corrected by the jury in the box, all concurring, by erasing "first" and writing "second" before the word count. The verdict was then received by the court in open court. No objections were made or exceptions taken at the time to the action of the court or jury in making said change. Appellant has a bill to the overruling of his motion for a new trial on account of what occurred about the verdict, claiming that the jury considered in their retirement only the first count. The court, in approving the bill, qualified it by stating substantially what is stated above as to how the verdict was returned, corrected, received, etc. He also further qualified the bill by stating that no evidence was introduced to support said motion.

The statute prescribes (arts. 773-774, C. C. P.) that if the jury find an informal verdict their attention shall be called to it, and with their consent the verdict may, under the direction of the court, be reduced to the proper form. If the jury refuse to have their verdict altered, they shall again retire to their room to deliberate, unless it manifestly appears that the verdict is intended as an acquittal. Evidently this jury by the verdict as first brought in did not intend to acquit appellant and appellant does not so contend or intimate. On the contrary,

it is clear that they intended, as they did, to find him guilty, but made a mistake in stating that it was the first instead of the second count. Under the circumstances we think this was an informal verdict, and was properly corrected and assented to by the jury, and not objected to at the time by the appellant.

Mr. Purl was a grocery merchant in Georgetown in July. He swore: "I know the defendant. So far as I know, the first time I ever saw him was something like the 18th of July of this year (1917). I saw him then in my place of business. No one was with him. I did not know him at that time. When he came there he purchased some merchandise." The merchandise was two pieces of bacon and another article, amounting to a few dollars. When he went to pay for the merchandise he handed Mr. Purl a check. The said check as copied in the indictment was then produced, identified and introduced in evidence. Mr. Purl further swore: "He paid for the merchandise with this check, and I gave him the difference in money, . . around twenty dollars." That he did not see the defendant any more that day that he knew of. He further swore: "I know by sight the man who presented this check to me for payment. He is right over there (indicating the defendant). I think I could not be mistaken." He further swore that he (the witness) never got any money on said check. That when talking to defendant at the time of said transaction with him he told him he (appellant) came from Granger, and when the check was returned to him he went to Granger with Mr. Allen to look for him. "I was looking for the man that gave me the check. I found him in the pool hall at Granger. That was in the neighborhood of a month after the check was passed on me." That there were some half dozen other people in the pool hall at the time. The check was on a bank at Granger. Mr. Purl put the check in his bank at Georgetown for collection, and in the course of a few days it was returned unpaid. The check purported to be signed by Emmit Hurst, and was payable to Fritz Murry.

On cross-examination Mr. Purl said he did not know the kind of clothes appellant had on when he passed that check on him, but something like he was then dressed. He could not tell what kind of a hat he had on. "I can't say for sure what kind of clothes he had on." He further swore that this transaction occurred after the middle of the evening; that his deposit slip at the bank where he deposited this check was dated July 19th, and in the ordinary run of business he took the check to the bank the day following after he received it. He further said: "I don't remember what color of clothes he wore or hat, but I do remember him being the one."

On redirect examination he swore: "I did ask him who he was— I asked the man was he Fritz Murray. He said, 'Yes, sir.' I said, 'You are the man?' He said, 'Yes.'"

Mr. Hurst swore that he never signed said check or authorized anyone else to sign his name thereto.

The testimony of Mr. Purl was amply sufficient to establish that appellant was the person who passed said check upon him and got his

merchandise and money thereon. The jury .evidently believed him, as they had the right to do.

Appellant himself testified that he lived at Granger and had lived there for many years; that he was in Georgetown on July 16th, but was not in Mr. Purl's store that or any other day, and he denied that he was the person who passed said check on Mr. Purl and had the transactions with him as testified to by Mr. Purl. He swore he was in Granger on July 17th, 18th, 19th and thereafter. He introduced another witness who swore that he was with him in Georgetown on July 16th, and that they left there that evening for Granger, and that appellant did not go into Mr. Purl's store while he was with him in Georgetown at any time. He introduced another witness who swore that appellant was in Granger about 2 or 2:30 o'clock on the evening of the 18th.

The evidence of appellant and of his witnesses, if believed, was amply sufficient to have justified the jury to believe that he was not the man who passed said check on Mr. Purl, and was not in Georgetown at that time but was in Granger. Evidently the jury did not believe him and his witnesses on this point.

The charge presents every issue properly to the jury. There was no complaint of it then and none now. Of course it required the jury to believe beyond a reasonable doubt that appellant knowingly passed that forged instrument on Mr. Purl before they could convict him, and unless they so believed beyond a reasonable doubt to acquit him. He also gave a correct charge on alibi in his favor, and in addition charged the presumption of innocence and reasonable doubt.

The law expressly makes the jury the exclusive judges of the credibility of the witnesses and the weight to be given to their testimony. Appellant in every way had a fair and impartial trial. Under the circumstances we are not authorized to disturb the verdict of the jury, and, therefore, the judgment will be affirmed.

*Affirmed.*

[Reached Reporter April, 1918.]