## GILBERT COE v. STATE.

No. A-10515. April 7, 1948.

(192 P. 2d 291.)

298

Sam Y. Colby, of Madill, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Lewis A. Wallace, Asst. Atty. Gen., for defendant in error.

JONES, J.  This is an appeal from a conviction sustained in the county court of Marshall county for the alleged offense of unlawful transportation of intoxicating liquor.

Harmon Spicer, former sheriff of Marshall county, testified that he saw the defendant, Gilbert Coe, about 8:00 a. m., on August 20, 1946, crossing a street in Madill; that Coe was driving a Ford automobile; that he followed him and saw him driving up behind the building occupied by the Sportsman's Club; that the defendant got out of the car and walked into the building, followed by the officer; that defendant walked to the front of the building, pulled a pint of tax-paid whisky and handed it to one Amos DaVault, who was the owner of the beer parlor; that he, the sheriff, pulled a pistol and ordered them not to break the bottle; that he arrested the de-

fendant for the transportation of said whisky and placed him in jail.

Amos DeVault testified for the state that he was proprietor of the Sportsman's Club where they played billiards and dominos, and also beer was sold; that on the morning of August 20, 1946, the defendant came into his place of business followed by the sheriff; that the first time he saw the pint of whisky was when the defendant handed it to Mr. Spicer; that the sheriff had his gun out when he came into his place of business.

The defendant testified in his own behalf that he was 24 years of age and had lived in Marshall county for about twelve years; that he was an ex-soldier, having made two overseas invasions during World War II; that on the morning of August 20, 1946, he was feeling badly and in a run-down condition caused from being drunk the night before; that he took a pint of whisky and placed it under his shirt and drove to the Sportman's Club for the purpose of getting a coca cola to drink with the whisky; that the whisky was not in sight; but the sheriff ran up and grabbed him and pulled the whisky out from under his shirt; that the sheriff had his gun in his hand when he did so; on cross-examination the defendant admitted that since his return from the army he had done very little except gamble. He had done some work, however, as a carpenter.

The verdict of the jury reads as follows:

"We, the jury, drawn, impaneled and sworn in the above entitled cause, do upon our oaths find the defendant Gilbert Coe guilty as charged in the Information herein and assess his punishment at a fine of $50 and a term in the County Jail of thirty days suspended sentence."

It is contended by defendant that this verdict is indefinite, uncertain, and insufficient to authorize the court to impose the judgment and sentence against the defendant.

There have been many cases before this court in which the jury by its verdict has fixed the penalty to be imposed upon the accused, but at the same time there was included in the verdict a recommendation by the jury that the sentence be suspended during good behavior. In those cases the recommendation of the jury has been treated as surplusage and not a part of the verdict as such. Estes v. State, 35 Okla. Cr. 335, 250 P. 809; Cole v. State, 70 Okla. Cr. 109, 104 P. 2d 981; Fannin v. State, 65 Okla. Cr. 444, 88 P. 2d 671; Knopp v. State, 49 Okla. Cr. 416, 295 P. 228; Teel v. State, 53 Okla. Cr. 200, 11 P. 2d 197; Presnell v. State, 71 Okla. Cr. 162, 109 P. 2d 834.

In each of the above cases this court stated that the verdict returned by the jury was improper but not prejudicial to the defendant, and therefore not reversible error.

In the instant case, the verdict of the jury is different from that returned in any of the above mentioned cases. Here there was no recommendation of the jury that suspended sentence be given but the "thirty days suspended sentence" is written into the verdict as a part of the verdict.

By statute it is provided:

"If the jury render a verdict not in form, the court may, with proper instructions as to the law, direct them to reconsider it, and it cannot be recorded until it be rendered in some form from which it can be clearly understood what is the intent of the jury." Tit. 22, § 919, O. S. 1941.

This court has held that the verdict must be certain, positive, and free from all ambiguity. It must convey on its face a definite and precise meaning, and should show just what the jury intended. An obscurity which renders it at all doubtful will be fatal to it. Smith v. State, 83 Okla. 392, 177 P. 2d 523. See, also, State v. Pearce, 136 Mo. 34, 37 S. W. 815; Rea v. State, 6 Okla. Cr. 366, 118 P. 815; Wingfield v. State, 38 Okla. Cr. 435, 263 P. 158; George et al. v. State, 28 Okla. Cr. 388, 231 P. 318; Campbell v. State, 14 Okla. Cr. 319, 170 P. 915.

It has been held that the county court is not authorized to suspend only the jail sentence in a conviction for violation of the intoxicating liquor law. State v. Smith, 83 Okla. Cr. 188, 174 P. 2d 932, 933. It was impossible, therefore, for the court under the law to follow the verdict of the jury. It was rendered in such form that the court had to speculate upon the intent of the jury and as to whether the jury would have returned such verdict if they had known that the sentence could not have been suspended. This was a very close case where the information was loosely drawn and that question together with the question as to whether the search was lawful without a warrant and all other close questions were resolved against the accused. Since it was a close case involving only a small amount of whisky, the jury might not have returned a verdict of guilty if they had known the law pertaining to the granting of suspended sentences, and that it was impossible for the court to have followed the verdict which was rendered.

In State v. Smith, supra, it was held:

"Statute authorizing court to suspend sentence does not authorize the suspension of just a portion of the judgment and sentence, but if suspension is granted it must be of entire judgment.

"Act of county court in suspending jail sentence imposed on conviction for unlawful possession of intoxicating liquor upon condition that accused pay fine and costs is unauthorized and the order of the court suspending a part of said judgment and sentence is a nullity."

It is our opinion that the court at the time the verdict was returned should have directed them to reconsider it and should not have received it until it had been rendered in some form from which the intent of the jury could have been clearly understood.

There are other assignments of error pertaining to the giving of instructions. We think the court was correct in his view of the law and that it was immaterial as to the intent with which the liquor was transported. There is a distinction to be drawn between the offenses of unlawful transportation of intoxicating liquor and the unlawful possession of intoxicating liquor. In the latter offense, the intent to sell, barter, give away or otherwise furnish, is an essential ingredient of the crime, but such intent is not an ingredient of illegal transportation of whisky.

For the reasons hereinabove stated, the judgment and sentence of the county court of Marshall county is reversed and remanded with instructions to grant defendant a new trial.

BAREFOOT, P. J., and BRETT, J., concur.