## MILLER v. STATE.

No. A-11413. July 11, 1951.

Rehearing Denied Aug. 1. 1951.

(235 P. 2d 552.)

James V. Whitley, Duncan, and Roe & Roe, Frederick, for plaintiff in error.

Mac Q. Williamson, Atty., Gen., and Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

BRETT, P. J. The plaintiff in error, Oswell Coy Miller, was charged in the district court of Tillman county, Oklahoma, with the crime of rape in the second degree, Title 21, § 1114, O. S. A. 1941. The crime was alleged to have

been committed by the defendant on March 18, 1948, by carnally knowing DeLois Godfrey, then 14 years of age, contrary to law. The defendant was tried by a jury, convicted and his punishment set at one year in the penitentiary, and judgment and sentence entered accordingly.

Briefly, the facts are, the defendant was coach and principal of the Manitou High School where DeLois Godfrey was attending school. On the day in question the defendant while alone in his room with the Godfrey girl made arrangements with her to meet her in front of the Baptist preacher's house and have a date with the defendant in his automobile. This was the night of the high school annual play and her father and mother brought her to the school house. After the father and mother left she walked to a point in front of the preacher's house where she met the defendant and got into his automobile as planned. Thereafter the defendant and the Godfrey girl rode out west of Manitou on the Tipton road about 2 miles west of Manitou where they parked. At this point the defendant inquired of her relative to dates she had had with her boy friends in the high school. He asked her if she had ever had sexual relations with them. (The record is silent as to her answer to this interrogation but it shows she admitted in her testimony that she had had 3 or 4 acts of intercourse with one of the high school boys before she had her first date with the defendant.) While parked on the highway west of Manitou on the road to Tipton he had her remove her blouse. He suggested intercourse but the prosecutrix declined. He then suggested they go to Tipton to get a rubber or preventative which they did. Thereafter they returned to a point about a mile and a half from the place where they first parked on the road to Tipton. They both got in the back seat and the defendant started taking off his clothes and she finally did also. Whereupon the act of intercourse was accomplished. This was the beginning of 15 or 20 subsequent acts of intercourse at times thereafter committed. These subsequent acts were preceded by the defendant arranging to have a high school boy pick the Godfrey girl up in defendant's automobile. They would then drive the boy off and proceed to their trysting place.

The defendant's sole contention on this appeal is predicated upon the trial court's instruction No. 3 reading as follows, to wit:

"The State has introduced evidence tending to prove that the defendant had actual sexual intercourse with DeLois Godfrey at other times than that charged in the information, to-wit: The 18th day of March, 1949.

"You are instructed that the defendant is on trial for an act alleged to have been committed by him in this county and state on or about the 18th day of March, 1949, and if you find him guilty, it must be for the act committed on this specific date and place, as alleged, and for no other; even though you should be of the opinion that he committed other acts with the said DeLois Godfrey at other and different times from that alleged in the information, you cannot convict him for such act committed at other and different times, even though you should (so) find.

"The State has been permitted to introduce evidence tending to prove other acts of sexual intercourse had between the defendant and DeLois Godfrey, and you are to consider such other acts, if you find the same to be true, for the purpose of enabling you to arrive at your verdict as to the guilt or innocence of the defendant for the specific act charged in the information at the time named therein, so far as the same may throw light upon the charge as set out in the information."

The giving of the said instruction is assigned as error. No objection was made to the giving of this instruction and no exception saved thereto. The defendant contends that he objected strenuously to the introduction of evidence

in relation to evidence of other acts of intercourse, which objection was by the court improperly overruled. He cites in support of his contention Bond v. State, 90 Okla. Cr. 110, 210 P. 2d 784, and Herren v. State, 75 Okla. Cr. 251, 130 P. 2d 325; also Nemecek v. State, 72 Okla. Cr. 195, 114 P. 2d 492, 135 A.L.R. 1149, none of which are in point with his contention. In the trial of a rape case evidence of other acts of intercourse other than the one relied on for conviction are admissible in evidence under instructions properly limiting the same. As was said in Kilpatrick v. State, 71 Okla. Cr. 129, 109 P. 2d 516, 517:

"In a trial upon a charge of rape, proof of other acts of intercourse may be shown for the purpose of corroboration and as showing the relation between the parties; but a conviction must be based on one act. Where, as in this case, the defendant is not tried with reference to one particular act, but two separate and distinct acts, reversible error is committed when the prosecution is not required to elect one specific act and the trial court fails to treat the first act proven as an election."

See, also, the cases cited therein. In the case at bar no motion was interposed to require the state to elect which act of intercourse it relied on, but the trial court treated the first act of March 18 as the act relied on to sustain the conviction and so instructed the jury. Instruction No. 3, however, does not constitute a correct statement of the law for the reason such acts are admitted is not for the purpose of enabling them to arrive at its verdict as to the guilt or innocence of the defendant for the specific act charged in the information at the time named therein, so far as the same may throw light upon the charge as set out in the information. But, as stated in Kilpatrick v. State, supra, is for the purpose of corroboration and as showing the relation between the parties; but a conviction must be based on one act. Again we call attention to the fact that here no objection was interposed to the giving of instruction No. 3. It has been repeatedly held that where no objection is raised to the giving of an instruction by the trial court, such instructions will not be considered for the purpose of discovering other than fundamental error. Green v. State, 70 Okla. Cr. 228, 105 P. 2d 795. The giving of this instruction does not constitute fundamental error. Marlow v. State, 20 Okla. Cr. 326, 202 P. 1048. Moreover as was said in Bowers v. State, 56 Okla. Cr. 111, 34 P. 2d 292:

"Before this court can reverse a conviction upon the ground that the trial court erred in the admission or rejection of evidence, or in its instructions to the jury, it must first find from an inspection of the entire record that appellant was injured thereby, and to determine this issue the court must consider the question of appellant's guilt or innocence of the offense charged."

The evidence of the defendant's guilt herein is overwhelming. The foregoing instruction No. 3 did not deprive the defendant of any substantial right. For all the foregoing reasons the judgment and sentence herein imposed is accordingly affirmed.

JONES and POWELL, JJ., concur.

## On Rehearing

BRETT, P. J. Under the provisions of Title 22, § 1068, O. S. A. 1941, no judgment shall be set aside or new trial granted on the ground of misdirection of the jury, unless after examination of the entire record the error conplained of resulted in a miscarriage of justice. In view of the overwhelming evidence of guilt of the defendant Oswell Coy Miller herein, we are of the opinion that in a new trial an intelligent and honest jury would not arrive at any other verdict than that of guilty. Janeway v. State, 62 Okla. Cr. 264, 71 P. 2d 130. The petition for rehearing is accordingly denied.

JONES and POWELL, JJ., concur.