Dennis Watson SCOTT, Plaintiff In Error,

v.

The STATE of Oklahoma, Defendant In Error.

No. A-12096.

Criminal Court of Appeals of Oklahoma.

Jan. 26, 1955.

George P. Pitcher, Vinita, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., James P. Garrett, Asst. Atty. Gen., for defendant in error.

BRETT, Judge.

The plaintiff in error, Dennis Watson Scott, defendant below, was charged by information in the county court of Craig county, Oklahoma, with the offense of driving a motor vehicle on a public highway while under the influence of intoxicating liquor, Title 47, § 93, O.S.1951. He was tried by a jury, convicted and his punishment fixed at a fine of $100. Judgment and sentence was entered accordingly, from which this appeal has been perfected.

The defendant alleges error of the trial court in overruling his demurrer to the

information. This contention is predicated on the proposition the information was defective in that it only alleged the operation of the motor vehicle "at a point", and that it should have alleged from an unknown point, or from a known point to another point described in the information, thus not alleging movement on the highway. While better pleading would have dictated the allegation of the said automobile from one point (known or unknown) to another point, nevertheless, the information was sufficient, in that it appeared therefrom that the automobile "traveled" over "said highway which was (then and there) a public highway". This point was decided adversely to the defendant in Dickey v. State, Okl.Cr., 257 P.2d 319, involving an identical contention. The trial court did not err in overruling the defendant's demurrer to the information.

Next the defendant contends the evidence was insufficient to support the verdict. The evidence for the state and the defendant was in sharp conflict, which presented a question for the determination of the jury. It has been repeatedly held that where the evidence of the state and the defendant is in conflict, a case will not be reversed where there is any substantive evidence on which the jury could reasonably base its verdict. Sadler v. State, 84 Okl.Cr. 97, 179 P.2d 479; Simonton v. State, 94 Okl.Cr. 274, 235 P.2d 542; Butler v. State, 87 Okl.Cr. 369, 198 P.2d 221; Bisanar v. State, 93 Okl.Cr. 7, 223 P.2d 795; Walker v. State, 89 Okl.Cr. 284, 207 P.2d 341. Two Highway Patrolmen testified positively the defendant was drunk. The defendant's denial and the other evidence tending to refute the patrolmen's testimony brought the case squarely within the foregoing rule. The jury decided the issue against the defendant, and their finding under such circumstances is binding on this court.

Finally the defendant contends the trial court erred in receiving the jury's verdict. The verdict as returned into court read:

"We, the Jury impaneled and sworn to try the above entitled cause, do upon our oaths find the Defendant guilty as charged in the Information and assess his punishment at $100.00 fine and 30 days suspended sentence."

The trial court advised the jury they could not suspend the sentence, whereupon the foreman replied then in that case it was the jury's desire to assess the defendant's punishment at a fine of $100. A poll of the jury was taken and it was determined such was the unanimous desire of the jurors. The verdict thus amended in open court was ordered filed in the case, to all of which the defendant objected and excepted to the order overruling his objection. It has been repeatedly held that a recommendation by the jury for suspension of the sentence is surplusage and may be ignored (in the exercise of judicial discretion, Presnell v. State, 71 Okl.Cr. 162, 109 P.2d 834, 835) by the trial court in pronouncing sentence, and such a verdict does not constitute grounds for reversal. Teel v. State, 53 Okl.Cr. 200, 11 P.2d 197; Knopp v. State, 49 Okl.Cr. 416, 295 P. 228. An informal verdict, if not illegal, is sufficient to authorize the trial court to pronounce judgment thereon. Turvey v. State, 95 Okl.Cr. 418, 247 P.2d 304; Story v. State, 92 Okl.Cr. 131, 221 P.2d 682; Passmore v. State, 87 Okl.Cr. 391, 198 P.2d 439. It is apparent that the jury, while deliberating in the jury room, had determined, before returning to the court room, that if the punishment they had agreed upon, could not be suspended, their verdict would then be a fine of $100. The polling of the jury confirms this conclusion. It would have been better practice for the trial court to have informed the jury they could not suspend the sentence and to have required them to return to the jury room for further deliberation. But in any event the defendant was not prejudiced in his rights by the procedure adopted in this instance, in fact, he was benefitted by elimination of the jail sentence. It has often been held error or irregularity alone is not sufficient to require a reversal, there must be error plus prejudice to require reversal of a case. Miller v. State, 94 Okl.Cr. 297, 235 P.2d 552; 22 O.S.1951 § 1068. Approval of such procedure is not without precedent. State v. Cary, 124 Kan. 219, 257 P.

719; Barnes v. State, 83 Tex.Cr.R. 207, 202 S.W. 949; Lewis v. State, 84 Tex.Cr.R. 499, 208 S.W. 516; 23 C.J.S., Criminal Law, § 1411, p. 1109 et seq. Nevertheless, under the conditions herewith presented, it cannot be successfully maintained that the foreman was allowed to impose his views on the jury. The record shows each of them swore the fine of $100 was their own verdict. For the foregoing reasons the judgment and sentence is accordingly affirmed.

JONES, P. J., and POWELL, J., concur.