Everett BUSH, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–13675.

Court of Criminal Appeals of Oklahoma.

May 25, 1966.

As Corrected May 26, 1966.

Rehearing Denied June 20, 1966.

Kenneth W. Lackey, Eufaula, for plaintiff in error.

Charles Nesbitt, Atty. Gen., Charles L. Owens, Asst. Atty. Gen., for defendant in error.

BRETT, Judge.

This is an appeal by Everett Bush, plaintiff in error, defendant below. He was charged in the district court of McIntosh County by information with the crime of assault with intent to kill. Defendant was tried by a jury, and judgment rendered, sentencing him to one year in the county jail. Motion for new trial was presented and overruled, and the case duly appealed to this Court.

In his petition in error the defendant sets out eight assignments of error. Most of them are the usual assignments. In his brief he argues the assignments of error under three heads. There is some basis for all of the assignments; however, we consider the third one to be the most vital, and consider it unnecessary to discuss the other two.

The third assignment of error reads: "The verdict of the jury is so vague, uncertain and indefinite as to constitute a nullity. The judgment and sentence does not clarify the nature of the conviction so as to show the nature of the basis for the sentence."

The information charges that the defendant did:

" * * * [C]ommit the crime of assault with intent to kill in the manner and form as follows, to-wit: That the said Everett Bush did unlawfully, wilfully, wrongfully, intentionally and feloniously shoot at one Gilbert Hill with a shot gun, the exact gague being unknown to complainant, the same being a deadly weapon loaded with gun powder and shot held in the hands of the said defendant, and which he wrongfully and intentionally pointed, aimed and fired at the said Gilbert Hill with unlawful, wrongful, wilful and felonious intent then and there on the part of said defendant to kill said Gilbert Hill, * * *."

On the trial of the case the defendant admitted that he fired the shot gun at the said Gilbert Hill's automobile as Hill was approaching defendant's home; and his explanation was that he thought the defendant was another party, with whom he had had considerable difficulty.

■ The evidence was sufficient, if believed by the jury, to support a conviction. The court's instructions fully covered the defendant's theory of defense, and all points of the case. So far as the record indicates, the defendant offered only one instruction, which was given as instruction No. 18. The court gave a total of 21 instructions. Defendant excepted to all of the court's instructions except three (one of which defendant offered). However, defendant does not argue any of the instructions in his brief.

Instruction No. 20 given by the court, and to which the defendant excepted, read:

"Should you find from the evidence, under the instructions, and beyond a reasonable doubt that the defendant is guilty, you will only state in your verdict 'Guilty as charged of assault with intent to kill', or 'assault and battery with a dangerous weapon with intent to do bodily harm and without justifiable or excusable cause.' If you do not so find, or if you have a reasonable doubt thereof, you should find defendant not guilty of any crime.

"In the event you find the defendant guilty of either offense, you must fix the punishment therefor within the limits heretofore instructed."

Instruction No. 7 was practically in the words of the statute (Tit. 21 Okl.St.Ann. § 645), and all phases of the offense were set out in the instructions.

The verdict returned read:

"We, the jury drawn, impaneled and sworn in the above entitled cause, do upon our oaths find the defendant guilty of the crime of assault or battery or assault and battery with a dangerous weapon with intent to do bodily harm and fix

his punishment therefor at imprisonment in the county jail for a term of one year."

This verdict was returned in open court and was read. We are mindful that the defendant and his counsel, and the State, had the right to examine it and to raise any objection to the verdict that they might desire to lodge against it. We are also aware of the fact that no objection was raised to the verdict in the motion for new trial, other than the general statement that "the verdict of the jury and judgment and sentence of the court is contrary to the law and the evidence."

There is a difference between the crimes of "assault", "battery", and "assault and battery with a dangerous weapon with intent to do bodily harm."

 When the jury returned a verdict of "assault *or* battery *or* assault and battery with a dangerous weapon with intent to do bodily harm", it appears impossible to ascertain the intent of the jury as to which crime the defendant was convicted. The only indication is by the punishment fixed, viz: one year in the county jail.

It is our opinion that the court at the time the verdict was returned should have directed the jury to reconsider the verdict; and should not have received it until it had been made clearly and positively understandable. The jury should have omitted the words "or" which distinguished the separate crimes.

This Court has repeatedly held that the verdict must be certain, positive, and free from all ambiguity; must convey on its face a definite and precise meaning; should show just what the jury intended; and that any obscurity which renders it at all doubtful will be fatal to the verdict. Coe v. State, 86 Okl.Cr. 297, 192 P.2d 291; Smith v. State, 83 Okl.Cr. 392, 177 P.2d 523; Williams v. State, 92 Okl.Cr. 70, 220 P.2d 836, and cases cited.

This Court has been liberal in interpreting the sufficiency of a verdict so as to prevent technicalities from thwarting justice, but to approve the type of verdict we find here, where the jury recites that it finds the defendant guilty of this, or of that, or of the other, would be to throw judicial reasoning to the winds and deprive defendants of the right to be clearly and concisely advised of the exact crime of which they are found guilty.

For the above and foregoing reasons, the judgment and sentence of the district court of McIntosh County is hereby reversed, and the cause is remanded for a new trial.

BUSSEY, P. J., concurs.

NIX, J., not participating.