Floyd Eugene JUMP, Petitioner,

v.

Ray H. PAGE, Warden, Oklahoma State Penitentiary, Respondent.

No. A–14507.

Court of Criminal Appeals of Oklahoma.

Jan. 17, 1968.

Floyd Eugene Jump, pro se.

G. T. Blankenship, Atty. Gen., Oklahoma City, for respondent.

MEMORANDUM OPINION

BRETT, Judge:

Floyd Eugene Jump filed his petition in this Court for release from the State Penitentiary by writ of habeas corpus.

Petitioner states that he is presently serving two sentences, entered by the district court of Caddo County, Oklahoma on March 31, 1967, one for seven years in which he was convicted of grand larceny, after former conviction of a felony, and the other a sentence of five years, wherein he was convicted of burglary, second degree, after former conviction of felony, the sentences to run concurrently.

Petitioner's only ground for the issuance of a writ of habeas corpus seems to be that he was convicted in the district court of Caddo County in case No. 3313 in the year 1960, and that such conviction was used against him for the purpose of enhancing punishment under the "after former" or "habitual criminal" statute (Tit. 21 Okl.St. Ann. § 51) in three sbsequent felony convictions; alleging further that the Tenth Circuit Court of Appeals has held that a former *first* conviction may be so used only upon a *second* conviction, and not upon a third or subsequent conviction of a felony.

Petitioner does not provide the citation for any case to support his contention. This court has not rendered such a decision, with reference to the above statute, and we have no knowledge of any such holding by the Court of Appeals, Tenth Circuit.

The second or subsequent offense statute, also referred to as the "Habitual Criminal Act", provides: "Every person who, having been convicted of any offense punishable by imprisonment in the penitentiary, commits any crime after such conviction, is punishable therefor as follows: * * *."

In Stanford v. State, Okl.Cr.App., 363 P.2d 515, this Court said:

"It is proper to charge in the information one or more offenses of prior conviction, and offer proof to sustain the same. 21 O.S.A. § 51."

And in Hunter v. State, Okl.Cr.App., 375 P.2d 357, the Court said:

"The 'habitual criminal act' does not invade the privileges and immunities of the citizen, does not deny equal protection of the law or due process, or constitute unjust discrimination or double jeopardy."

The Attorney General has filed a demurrer to this action, alleging that the petitioner fails to state a cause of action. We are of the opinion that the demurrer is well taken.

The petition for writ of habeas corpus is denied.

NIX, P. J. and BUSSEY, J., concur.