**Basil HILL, Petitioner,**

v.

**STATE of Oklahoma, Respondent.**

No. A–14963.

Court of Criminal Appeals of Oklahoma.

Jan. 29, 1969.

Basil Hill, pro se.

G. T. Blankenship, Atty. Gen., H. L. McConnell, Asst. Atty. Gen., for respondent.

PER CURIAM:

This is an original proceeding in which Basil Hill, presently incarcerated in the state penitentiary, has petitioned this court for a writ of habeas corpus. Petitioner is presently incarcerated under the authority of five judgments and sentences imposed in the District Court of Oklahoma County, Oklahoma, fixing Petitioner's punishment at a five thousand ($5,000.00) dollar fine and a two year sentence in each case to run concurrently. Petitioner was charged with illegal sale of amphetamine tablets without a license after former conviction of a felony in Case Nos. 30796, 30797, 31145, with illegal possession of ampheta-

mines without a prescription after former conviction of a felony, No. 30631, and illegal sale of barbiturates without a license after former conviction, No. 30633; all alleged to have occurred on different dates.

Petitioner alleges that his present incarceration is the result of the denial of due process of law centering around the fact that he was charged after former conviction of a felony. Specifically, Petitioner alleges that he should not have had to defend against his past record, that he entered a plea of guilty due to his fear that he would not receive a fair trial because he was charged after former conviction, and apparently that the information should have been divided into two parts with the former conviction charge appearing on a separate piece of paper.

The Oklahoma Statute authorizing the imposition of a greater sentence for a second or subsequent offense, 21 O.S.Supp. 1968, § 51, has been upheld as constitutional and valid on numerous occasions. More recently in the case of Jump v. Page, Okl.Cr., 437 P.2d 283 (1968), this court expressly held that the habitual criminal act does not violate equal protection of the law or due process of law.

It is apparent from the record that Petitioner was represented by retained counsel at the time that he entered his plea of guilty in the above charge. We therefore find that Petitioner has failed to allege circumstances which would justify the granting of an appeal out of time or a finding that due process of law has been violated.

In Harris v. State, Okl.Cr., 369 P.2d 187 (1962), this court held that under the second and subsequent offense statute the entire information should be read to the accused and his plea taken and, after a jury has been impaneled and sworn, that part of the information which sets forth the crime for which the accused is to be tried should be read to the jury. The trial should then proceed as if there were no allegations of former convictions. How-

ever, in the instant case Petitioner did not proceed to trial but rather with the assistance of counsel entered a plea of guilty prior to trial. Therefore, it is impossible to see how Petitioner could have been prejudiced by the information, whether it was on one page or on two pages with the charge of former conviction appearing separately, since said information was not read to a jury. If the information was but one page including the charge of a former conviction, and if such be error, it was not prejudicial to Petitioner and did not deprive him of due process. For the foregoing reasons the writ of habeas corpus is hereby denied. Writ denied.

This application was assigned to the Referee, Mr. Penn Lerblance, by the Presiding Judge of this Court. The foregoing findings of fact and conclusions of law were submitted by the Referee and approved and adopted by the court.