**John Thomas CROW, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A–15490.**

Court of Criminal Appeals of Oklahoma.

Oct. 26, 1971.

Jerome Sullivan, Jr., Duncan, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Max A. Martin, Asst. Atty. Gen., for defendant in error.

## DECISION AND OPINION

BRETT, Judge.

The Plaintiff in Error, John Thomas Crow, hereinafter referred to as defendant, was charged in the District Court of Jefferson County with the crime of Shooting

With Intent To Kill. The case came on for trial before a jury, and the jury returned a verdict finding the defendant guilty of Assault, Battery, or Assault and Battery With A Dangerous Weapon and assessed his punishment at imprisonment for a term of two (2) years. Judgment and sentence was entered in accordance with the verdict of the jury.

In this case it will not be necessary to discuss the facts of this case, insofar as the full transcript of testimony was not submitted. Only that portion of the testimony applicable to defendant's three propositions, as argued in his brief, are contained in the record of testimony.

■ Defendant's first proposition asserts that the trial court had a duty to hear testimony offered in behalf of his application for suspension of sentence; and in support thereof he cites Gillespie v. State, Okl.Cr., 355 P.2d 451 (1960). The Attorney General distinguishes the instant case from *Gillespie, supra,* by the statement that Gillespie's suspended sentence was denied because he demanded a jury trial; and for that reason this Court reversed and remanded the conviction for the trial court to consider the application for suspension. We do not consider that distinction to be sufficient. When a convicted person is otherwise entitled to be considered for suspension of his sentence, and he files with the court the proper application for suspension of sentence, the granting or not granting of the suspension is within the discretion of the trial judge; and, that discretion will not be disturbed unless an abuse of discretion is shown. However, arbitrary action on behalf of the trial judge, without any reasonable attempt to hear testimony in the applicant's behalf, would appear to indicate an abuse of discretion. This Court said in Gillespie v. State, *supra*:

> The question of whether the trial court exercised its discretion in passing upon the application for probation or whether the trial court refused to exercise its discretion upon all the facts and based its refusal of probation upon a ground not sanctioned by law is a question of law reviewable upon appeal.

Under the facts presented in this matter, we believe the trial court should have conducted sufficient hearing to clearly reveal that his decision was not being arbitrarily reached. We cannot reach that conclusion from the record presented to this Court.

With reference to defendant's second proposition in which he complains that the trial court erred when it refused to give his requested instructions, we have reviewed the instructions given to the jury and find that when they are considered as a whole, they sufficiently state defendant's case. We believe the trial court's instructions were proper and therefore deny defendant's second proposition.

■ In his third proposition defendant contends error when the trial court refused to grant his motion for mistrial, when the deputy sheriff allegedly introduced defendant's character into evidence. After considering that part of the transcript containing the deputy sheriff's testimony, on which defendant hinged his motion for mistrial, we conclude that defendant's complaint contains merit. During the State's redirect examination of the deputy sheriff, the district attorney asked Deputy Sheriff Denning, "To your knowledge had there been any other times before that, that gun or any gun had been fired down there?" The Deputy replied, "Well, I don't know whether this gun had been fired down there or not before, but they is holes all in the place, where him and his wife had a brawl down there." Defense counsel objected and moved for a mistrial. The third paragraph of the syllabus to Titsworth v. State, Okl.Cr., 368 P.2d 526 (1962), provides:

> Experienced police officers should not, while on the witness stand, make voluntary statements prejudicial to defendant's rights.

The information shows that the defendant was charged with the offense of "Shooting With Intent to Kill." The verdict returned by the jury reads: "We, the jury, duly impaneled, sworn and charged in the above entitled cause, do upon our oaths find the defendant, John Thomas Crow, guilty of *assault, battery, or assault and battery with a dangerous weapon,* and fix his punishment at 2 yrs. Penitentiary." (Emphasis added.) The punishment was hand printed on the verdict form by the jury foreman, but that portion commencing with defendant's name was typewritten.

In Bush v. State, Okl.Cr., 415 P.2d 185 (1966), the second paragraph of the syllabus provides:

Jury verdict which found defendant guilty of "assault or battery or assault and battery with a dangerous weapon with intent to do bodily harm" was so indefinite as to require reversal of judgment of conviction.

There is little difference between the verdict in the instant case and that found in Bush v. State.

This Court also said in Bush v. State, *supra*:

This Court has been liberal in interpreting the sufficiency of a verdict so as to prevent technicalities from thwarting justice, but to approve the type of verdict we find here, where the jury recites that it finds the defendant guilty of this, or of that, or of the other, would be to throw judicial reasoning to the winds and deprive defendants of the right to be clearly and concisely advised of the exact crime of which they are found guilty.

Therefore, for the above and foregoing reasons, the judgment and sentence of the District Court of Jefferson County, in that court's case number 2981, is reversed for further proceedings not inconsistent with the provisions herein set forth.

Judgment and sentence reversed.

BUSSEY, P. J., concurs.