**Jearle David WILLIAMS, Jr., Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

No. C–80–743.

Court of Criminal Appeals of Oklahoma.

April 23, 1981.

Frank H. McCarthy, Asst. Public Defender, Tulsa County, Tulsa, for appellant.

No appearance for appellee.

MEMORANDUM OPINION

BRETT, Presiding Judge:

In Tulsa County cases no. CRF–80–2436 and 2493, the petitioner pled guilty to two charges of Uttering a Forged Instrument. Judge Margaret Lamm accepted the pleas and passed the matter for pre-sentence investigation. The record indicates that the State and the trial judge were both agreeable to imposing suspended sentences, pending the outcome of the pre-sentence investigation report. In that report, the probation officer recommended probation. However, at the sentencing hearing, the State changed its position on suspending the sentence, and the judge indicated that the suspension of the sentence was jurisdictionally barred by 22 O.S.Supp.1980, § 991a, where suspension is legislatively prohibited "to

persons being sentenced upon their third or subsequent to their third conviction of a felony." It was not until the sentencing hearing that the evidence indicated that the petitioner had two prior felony convictions.

The petitioner argues that this legislative prohibition of suspension constitutes an unconstitutional encroachment on judicial powers, and alternatively, that the legislative prohibition on suspension applies only to defendants charged under the enhancement statute.

■ In support of the encroachment argument, the petitioner cites *Chatman v. Page*, 484 P.2d 537 (Okl.Cr.1971) and Judge Brett's dissent in *Black v. State*, 509 P.2d 941 (Okl.Cr.1973). *Chatman* has been cited as holding that the trial court has the inherent power to suspend all or part of a sentence, and, with this, the petitioner attempts to bolster his theory that this inherent power has been unconstitutionally usurped by the Legislature in the limitation on suspension defined in 22 O.S.Supp.1980, § 991a. Accompanying this problem is the issue of equal protection as it affects those defendants whose sentences may not be suspended under § 991. Whether or not the authority to suspend rests inherently with the trial court, that power is not usurped when the Legislature defines out of consideration for suspension certain offenders whose classification is based upon a legitimate governmental objective to which the classification is reasonably related.

In *Black v. State*, 509 P.2d 941 (Okl.Cr. 1973), this author dissented, stating that a statute which prohibited the imposition of suspended sentences for certain first-time drug offenders denied the offenders equal protection when those convicted of certain enumerated crimes might be given a suspended sentence, since the statute bore no ascertainable relation to the seriousness of the offense. That, however, is clearly distinct from the issue before this Court today. The prohibition of suspended sentences applies equally to all third and subsequent convicted offenders. As with enhanced punishment, 21 O.S.Supp.1980, § 51, the statute bears a rational relation to the ob-

jective. With both sections 51 of Title 21 and 991 of Title 22, the objective is to discourage repeated offenses by enhancing punishment. The enhanced punishment statute has withstood equal protection assaults. See *Jump v. Page*, 437 P.2d 283 (Okl.Cr.1968).

■ In *Black*, this writer also elaborated on the function of the trial court in suspending sentences. My viewpoint has not changed, but the present case provides an opportunity to clarify it. The Legislature has the power to enact statutes which constitutionally prohibit the suspension of sentences. With section 991, the Legislature has, in fact, insured equal protection of third and subsequent offenders and clarified to the trial courts at what point suspension is not an option. Within these legislative boundaries, the trial court then is free to exercise its discretion in suspending all or part of a sentence.

■ As a final argument, the petitioner argues that the 991 prohibition applies only to those cases where the State has filed a second page to the information, alleging two or more prior convictions, and the defendant is being sentenced as a third or subsequent offender. However, the statute is clear and does not lend itself to the suggested interpretation. The pertinent portion reads: "[The paragraph on suspension of sentences] shall not apply to persons being sentenced upon their third or subsequent to their third conviction of a felony." The filing of a second page to the information is not essential.

The writ of certiorari is denied.

BUSSEY, J., concurs in result.

CORNISH, J., concurs.