**Ernest Buzzy WOFFORD, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–80–461.**

Court of Criminal Appeals of Oklahoma.

June 11, 1982.

Patti Palmer, Asst. Appellate Public Defender, Norman, for appellant.

Jan Eric Cartwright, Atty. Gen., Susan Talbot, Asst. Atty. Gen., Deputy Chief, Crim. Div., Oklahoma City, for appellee.

## OPINION

CORNISH, Judge:

The appellant, Ernest Buzzy Wofford, was convicted of Burglary in the Second Degree, 21 O.S.1981, § 1435. His punishment was fixed at two (2) years' imprisonment.

On Saturday, February 10, 1979, Richard L. Byford, co-owner of Duncan Tire and Supply Store in Duncan, checked all the locks before closing business for the day. Upon returning to his business Sunday morning, Mr. Byford discovered that the back door had been pried open and that several items, including a coffee pot, a CB radio, a skill saw, a calculator, band tools, air jacks, point guns, and vending machine change, were missing.

On Monday, February 12, 1979, William Brown, an employee of Duncan Tire and Supply at that time, and accomplice in the case, arrived late for work with mud on his boots. Because the area around the back door of the tire store was muddy at the time of the theft, Byford became suspicious and checked Brown's car. In the car Byford found several items which had been taken in the burglary. Brown was arrested and taken to the police station where he gave a statement implicating defendant Wofford in the burglary. The officers arrested the defendant at his residence in Walters, Oklahoma that afternoon. After signing a consent to search, defendant led the officers to a bedroom in the house in which he retrieved several of the items stolen in the burglary, including a CB radio, an AM/FM radio, a circular saw, an adding machine, an air impact wrench, an air sauder, a socket set and various small hand tools.

Wofford testified that he had been drinking heavily on Saturday, February 10, 1979. Later that evening, Brown arrived at his house and the two continued drinking some beer and whiskey. Shortly thereafter,

Brown indicated to Wofford his intention to drive to Duncan Tire and Supply in Duncan to take some mag wheels that he could not afford. Wofford agreed to accompany him indicating that he could always use some tools. They drove to Duncan in Brown's car. Upon arriving at Duncan Tire and Supply, they discovered the back door was locked, so they pried it open. They took the stolen goods and drove to defendant's house where they divided the stolen items between themselves. Wofford then testified that he and Brown made a second trip to the store where they again took some auto supplies and tools. Once again they returned to the appellant's house and divided the stolen items.

## I

The appellant argues that instruction No. 5 was fundamentally erroneous because it gave rise to a mandatory presumption of the appellant's intent to steal, thereby shifting the burden of proof. Instruction No. 5 read as follows:

> You are instructed that before one can be convicted of the crime of Burglary in the Second Degree, there must be an intent to burglarize and steal the property as alleged in the Information, however, the criminal intent may be proven by all the facts, circumstances and evidence in the case. A person is presumed to intend the natural, probable and usual consequences of his act.

The appellant contends that the giving of this instruction constituted fundamental error. He relies upon *Sandstrom v. Montana*, 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979), in which the Supreme Court held unconstitutional an instruction similar to the one given in this case.

The instruction in *Sandstrom, supra*, provided "the law presumes that a person intends the ordinary consequences of his voluntary acts." The Supreme Court asserted that this instruction standing alone could be interpreted by the jury as creating a mandatory presumption. The Supreme Court also stated that since a reasonable juror could have interpreted the presumption as

conclusive, it violated the Fourteenth Amendment's requirement that the State prove every element of a criminal offense beyond a reasonable doubt and was therefore unconstitutional.

■ However, the appellant, in this case, did not object to the instruction at issue, nor did he request an alternative instruction. The law is clear in Oklahoma that where no objection is made at trial nor a request for an alternative instruction, then reversal on appeal can only be obtained if the instruction deprives the defendant of a fair trial. *Hall v. State*, 635 P.2d 618 (Okl. Cr.1981).

■ We find that the instruction at bar was not so fundamentally defective as to deprive Wofford of a fair and impartial trial. In this case, the question of Wofford's intent during the commission of the crime was established by overwhelming evidence. Prior to trial, Wofford signed a written confession stating that he and William Brown decided to drive to Duncan and break into the Duncan Tire and Supply to obtain some wheels and tools. Wofford admitted taking the stolen goods to his house and dividing them up amongst the two of them. He further confessed to driving back down to Duncan that same night and again breaking into the tire shop and taking more wheels and tools. At trial, Wofford admitted to the same series of events. He testified that he knew that what he was doing was wrong. Wofford stated that he went to trial because the prosecutor wanted to give him two years to do in the penitentiary and three years suspended. He continued, "I knew I was guilty of wrong, but I didn't think I deserved that much time. I've got a good job and I've got sober and I'm working every day and just hated to go to the penitentiary."

On cross-examination the appellant stated that he was fairly drunk at the time of the crime, but admitted that he knew what he was doing. However, appellate counsel curiously argues in the brief that the appellant was so intoxicated that he really did not know what he was doing and did not

intend to steal anything. It is further alleged that the only issue at trial was the appellant's intent. We find appellant's contention to be without support in the trial record. Wofford did not even request an instruction on voluntary intoxication, as such a defense was not supported by the evidence. In light of the overwhelming evidence of guilt, we hold that Instruction No. 5 did not rise to the level of fundamental error.

We point out, however, under the Oklahoma Evidence Code, Title 12 O.S.1981, § 2304, the trial court should caution the jury as to the legal use of presumptions. Section 2304 provides in part that:

B. The court shall not direct the jury to find a presumed fact against the accused. The court may only submit the question of the existence of the presumed fact to the jury, if a reasonable juror considering the evidence as a whole, including the evidence of the basic facts, could find the presumed fact beyond a reasonable doubt.

C. Whenever the existence of a presumed fact against the accused establishes guilt or is an element of the offense or negatives a defense and is submitted to the jury, the judge shall give an *instruction explaining that the jury may regard the basic facts as sufficient evidence of the presumed fact but is not required to do so.* Where the presumed fact establishes guilt, is an element of the offense or a negatives a defense, the judge also shall instruct the jury that its existence must be proved beyond a reasonable doubt. (Emphasis added.)

## II

The jury in returning the verdict of guilty attached a note recommending the sentence be suspended. Under 22 O.S.Supp. 1980, § 991a(B) persons being sentenced on their third or subsequent felony conviction are not eligible for a suspended sentence. At bar, the trial court at the formal sentencing found that the appellant had three prior felony convictions. Therefore, the minimum sentence available to Wofford

was two years imprisonment without an opportunity to have the sentence suspended. See *Williams v. State*, 628 P.2d 369 (Okl.Cr. 1981). The appellant contends that the trial court erred by not instructing the jury that the sentence could not be suspended as a matter of law and have them return to the jury room for further deliberations.

The jury's recommendation of leniency is not binding on the trial court. *Severn v. State*, 72 Okl.Cr. 141, 114 P.2d 181 (1941). However, where a verdict of guilty improperly recommends a suspended sentence, the better practice is to inform the jury that a suspended sentence is improper and have them return to the jury room for further deliberation. *Scott v. State*, 279 P.2d 1113 (Okl.Cr.1955). The *Scott* Court further held that a recommendation by the jury for suspension of the sentence is surplusage and may be ignored in the exercise of judicial discretion.

We find that the appellant was not prejudiced by the trial court's failure to instruct the jury on the defendant's inability to receive a suspended sentence. The appellant received the minimum sentence available under the burglary statute. Furthermore, we conclude that the appellant waived any objections to the propriety of the verdict by not objecting to the verdict when it was returned and by his failure to specifically raise the alleged error in his motion for new trial and petition in error. See *Fothergill v. State*, 509 P.2d 157 (Okl.Cr.1973).

The judgment and sentence is AFFIRMED.

BUSSEY, J., specially concurs.

BRETT, P. J., concurs in results.

BUSSEY, Judge, concurring:

Finding no error properly preserved for review on appeal which would justify modification or reversal, and finding that the evidence amply supports the verdict of the jury, I believe that the judgment and sentence should be affirmed.