**Sally Ward ALDRIDGE, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. M-83-116.**

Court of Criminal Appeals of Oklahoma.

Jan. 5, 1984.

George W. Butner, Butner & Butner, Wewoka, for appellant.

Michael C. Turpen, Atty. Gen., Mary F. Williams, Asst. Atty. Gen., Oklahoma City, for appellee.

## MEMORANDUM OPINION

BUSSEY, Presiding Judge.

From her conviction in Seminole County District Court, Case No. CRM-82-368, for Eluding a Police Officer, wherein she was sentenced to ten (10) days' in jail and a fine of $500, the appellant, Sally Ward Aldridge, appeals.

The facts of this case are relatively simple. On May 8, 1982, the Sasakwa Town Marshal, L.D. Cross, was confronted at the Sasakwa Mayor's home by the appellant, Sally Aldridge, who announced that Marshal Cross was a "drunk" with no authority in the city, and that if he ever "turned his red lights on her", she would ignore it. She then drove away. Marshal Cross left soon after in his black and white patrol vehicle,

and eventually passed the appellant who apparently had pulled into a driveway to wait for him. As he passed, she pulled out of the driveway, followed extremely close behind his vehicle until he was able to pull off the road, and then sped around him. Marshal Cross began pursuit, pulling back onto the road, turning on his emergency lights, and honking his car horn, as the recently purchased patrol vehicle was not yet equipped with a siren. The appellant ignoring his signals to stop, accelerated and sped away.

In her first assignment of error, the appellant alleges that the trial court erred in failing to sustain her demurrer to the evidence because the State failed to prove an essential element of its case under 21 O.S.1981, § 540A, which states, in pertinent part, that:

> Any operator of a motor vehicle who has received a visual and audible signal, a red light and a siren from a peace officer driving a motor vehicle showing the same to be an official police, sheriff, highway patrol or state game ranger vehicle directing the said operator to bring his vehicle to a stop and who willfully increases his speed or extinguishes his lights in an attempt to elude such peace officer, or willfully attempts in any other manner to elude the peace officer, or who does elude such peace officer, is guilty of a misdemeanor.

She argues that the State did not, and in fact, could not prove that she had received the audible signal required by the statute: a siren. While we would agree that the appellant has correctly stated the general law, we do not agree that her construction fairly represents the purpose of the statute. We are of the opinion that the purpose of the visual and audible signals is to put the individual on notice that it is an official vehicle and that the individual's vehicle is to be brought to a stop. Applying such a construction to the present case, the appellant's allegation becomes ludicrous. She was fully aware of Marshal Cross' identity and purpose for flashing his emergency light and honking his horn, and was appar-

ently determined to make good on her threat made just prior to this incident. The fact that the Marshal was forced to use his car horn because the car was not equipped with a siren, is not fatal to the State's case. Where, as here, the other elements are present, the type of audible signal becomes less significant, especially when the individual knows that the person requesting the stop is a police officer. Under the circumstances of this case, we find that the State met its burden of proof, and therefore, this assignment of error is without merit.

In her second assignment of error, the appellant contends that improper prosecutorial comments throughout the closing argument effectively denied her a fair and impartial trial. She presents a number of alleged instances of misconduct, ranging from improper comments on her conduct at trial to societal alarm.

This Court will not reverse a conviction for alleged prosecutorial misconduct unless that conduct might in some degree have influenced the verdict against the appellant. *Caffey v. State*, 661 P.2d 897 (Okl.Cr.1983). We have thoroughly reviewed the complained of comments and, although we do not condone the use of such remarks, we do not find that they in any way influenced the verdict of the jury.

Accordingly, the judgment and sentence appealed from is AFFIRMED.

CORNISH and BRETT, JJ., concur.