**Gary Lee HARTNESS, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

No. F–85–543.

Court of Criminal Appeals of Oklahoma.

Aug. 4, 1988.

Rehearing Denied Sept. 6, 1988.

Thomas Purcell, Asst. Appellate Public Defender, Norman, for appellant.

Robert H. Henry, Atty. Gen., William H. Luker, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

Appellant, Gary Lee Hartness, was convicted in the District Court of Muskogee County, in Case No. CRF–83–29, for Burglary in the Second Degree, and Case No. CRF–83–30, for Larceny of a Motor Vehicle. Punishment was set at two (2) years and six (6) years imprisonment, respectively, the terms to be served concurrently. From the judgment and sentence, he appeals.

The facts disclosed by the record reveal that on January 13, 1983, a motorcycle was stolen from the parking lot of a bar in Muskogee, Oklahoma. Later that night, another bar in Porum, Oklahoma was broken into and burglarized. The police apprehended a man driving out of Porum in a pickup truck. When the officer came to the driver's window, the passenger door was open and the driver told him that "the other two gentlemen had got out of the truck and went down the railroad tracks." The license plate to the stolen motorcycle was in the bed of the truck, and the stolen property from the burglary was in the cab. The motorcycle itself was recovered later from the backyard of appellant's parents' home in Porum. In the morning, appellant was seen by police walking along the highway wearing no coat and muddy from the knees down. He was identified as the third person in the pickup truck by both of the other two who were convicted for these crimes in separate proceedings.

Appellant asserts that his conviction for burglary should be reversed on the grounds that there was insufficient corroborating evidence to support the verdict. If, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime charged beyond a reasonable doubt, then this Court will not disturb the verdict for insufficiency of the evidence. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Spuehler v. State*, 709 P.2d 202 (Okl.Cr. 1985). The strongest testimony against appellant came from his accomplices, and was more than sufficient for conviction if it was corroborated.

An accomplice's testimony may be corroborated by either direct or circumstantial evidence, *Pierce v. State*, 651 P.2d 707 (Okl.Cr.1982), and that evidence can be sufficient if it tends to connect the defendant to the crime and not simply with its perpetrators. *Keller v. State*, 651 P.2d 1339 (Okl.Cr.1982). Circumstantial evidence connecting appellant with the burglary includes the motorcycle found at his parents' home, which places him in Porum with the accomplices; the accomplice's statement to the arresting officer that two men had been with him in the truck, which places appellant in the truck with the stolen property immediately after the burglary; and the sighting of appellant walking down the highway in muddy jeans and no coat, which is consistent with the accomplice's statement that appellant had gone down the railroad tracks to get away from the police. This evidence not only connects appellant with the crime, but corroborates the testimony of the accomplices. If an accomplice's testimony is corroborated as to one material fact, then the jury may infer that his entire testimony is true. *Pierce v. State, supra.* Since the accomplices' testimony in this case was sufficiently corroborated, appellant's challenge against his conviction for burglary must fail.

Appellant's second assignment of error is that prosecutorial misconduct deprived him of a fair trial. As his sole allegation of misconduct, he points out that the prosecutor stated on one occassion that the motorcycle was found at appellant's home rather than at appellant's parents' home. When defense counsel objected, the court said that the jury knew what the testimony had been. Thereafter, the prosecutor acknowledged the error by admitting to the jury that the motorcycle had in fact been found at the parents' home. It is improper for a prosecutor to mislead the jury, but we will not reverse in this case

where the prosecutor's inadvertent statement could not have influenced the verdict in light of the evidence and surrounding circumstances. *See Aldridge v. State*, 674 P.2d 553 (Okl.Cr.1984); *Cooper v. State*, 671 P.2d 1168 (Okl.Cr.1983).

■ Finally, appellant asserts that it was error for the trial court to sentence him to six years imprisonment without suspending the sentence.[1] In support of this assignment, appellant relies upon *Coe v. State*, 86 Okl.Cr. 297, 192 P.2d 291 (1948), and further asserts that the verdict was informal under 22 O.S.1981, § 919. There is no doubt that the verdict was informal. The question is what its effect is in this case. We reiterate that where a verdict of guilty improperly recommends a suspended sentence, the better practice is to inform the jury that the sentence is improper and have them return to the jury room for further deliberation. *Wofford v. State*, 646 P.2d 1300 (Okl.Cr.1982). This case does not fall within the above rule, however, since the verdict in question was returned in the sentencing stage of trial after guilt had already been determined. Appellant did not object to the form of the verdict at the time it was returned, and the court did not at a later time have an opportunity for correction. *See Fothergill v. State*, 509 P.2d 157 (Okl.Cr.1973). The jury's recommendation of leniency is not binding on the trial court. *Wofford, supra.*

*Coe* is not helpful to appellant in this case. In that case, the jury imposed a fine and imprisonment with a recommendation that the time be suspended. Since it was not possible to suspend one part of the sentence and not the other, we held that the verdict was ambiguous and should not have been used. In this case, the jury imposed only imprisonment, and the determination on whether to suspend the sentence was for the trial court's discretion. *See* 22 O.S.1981, § 991a.

In light of the non-binding character of the jury's recommendation and appellant's failure to raise a timely objection to the form of the verdict, we find that the trial court did not abuse its discretion in refusing to suspend the sentence.

Finding no basis for reversal or modification the judgment and sentence is AFFIRMED.

BRETT, P.J., concurs.

PARKS, J., specially concurs.

PARKS, Judge, specially concurring:

I write separately only to comment on the issue of the form of the verdict. Title 22 O.S.1981, § 919 requires that a "verdict not in form" be sent back to the jury so that the verdict may be put in a form which may be clearly understood. In the present case, the jury returned a verdict of "six years suspended." It was in proper form. The trial court, through the exercise of its discretionary powers, refused to suspend the sentence. This Court has repeatedly held that a jury's recommendation of a suspended sentence may be treated as surplusage. *King v. State*, 556 P.2d 1306, 1308 (Okla.Crim.App.1976); *Prevatte v. City of Tulsa*, 542 P.2d 969, 976 (Okla. Crim.App.1975); *Bowers v. State*, 542 P.2d 950, 954 (Okla.Crim.App.1975). While it would have been best to send the jury back for further deliberations, the trial judge was not required to follow such a procedure. *See Wofford v. State*, 646 P.2d 1300, 1303 (Okla.Crim.App.1982). The judge was within his discretionary power to refuse to suspend the sentence.

Accordingly, I concur.

---

1. The verdict returned by the jury in the second stage on the larceny case read, "CRF–83–30. We, the jury, duly empaneled upon our oaths, find the defendant, Gary Hartness, guilty of Larceny of Motor Vehicle, but with no previous convictions and fix his punishment at six years suspended."